IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

      Plaintiff,

v.                                                                                   CIV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

      Defendant.

# **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Production (*Doc. 49*), filed February 27, 2018. Defendant and non-party Los Alamos National Security, LLC ("LANS"), both responded, and Plaintiff's Motion is fully briefed. *See Docs. 54*, *55*, *60*, *61*. Having considered the parties' positions, and all pertinent authority, the Court will deny the Motion.

The instant dispute is a discrete one. Plaintiff in this breach of contract action moves the Court to compel non-party Los Alamos National Security, LLC ("LANS"), to produce the "Confidential Settlement Agreement" between it and Defendant. *Doc. 49*.

> Plaintiff has need of the Confidential Settlement Agreement between LANS and [Defendant] because it was generated pursuant to settlement of claims of LANS against [Defendant] for negligent activities and conduct by [Defendant] on the WCCRF Packaging Line at Los Alamos National Laboratory which resulted the (sic) cancellation of a $200,000,000 contract held by Plaintiff[.]

*Id.* at 2. Plaintiff's Motion is ostensibly made pursuant to Rule 45. *See United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 586 (D.N.M. 2015) ("Discovery of non-

parties must be conducted by subpoena pursuant to Fed. R. Civ. P. 45.") (quoted authority omitted).

The problem for Plaintiff is that it never subpoenaed LANS for the Confidential Settlement Agreement. Instead, Plaintiff served notices of deposition *duces tecum* to LANS employee David Frederici[1] requesting various documents including the Confidential Settlement Agreement. *See Doc. 54-1*. Mr. Frederici, however, is not in possession of the Confidential Settlement Agreement and does not have control of it. *Doc. 54-3*; *Doc. 54-5*. As such, Plaintiff has no choice but to subpoena the document from LANS, the entity. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii) ("Every subpoena must … command each person *to whom it is directed* to" produce information."); Fed. R. Civ. P. 45(b)(1) ("Serving a subpoena requires delivering a copy *to the named person*[.]").

"[C]ourts have denied motions to compel non-parties to produce information where the moving party did not first attempt to subpoena the information that it sought to compel." *XTO Energy, Inc. v. ATD, LLC*, 2016 WL 1730171, at *19 (D.N.M. Apr. 1, 2016) (Browning, J.). Moreover, "[a] party seeking production of documents bears the burden of establishing the opposing party's control over those documents." *United States v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 590 (D.N.M. 2015) (citing *United States v. Intern. Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989)). Here, Plaintiff has neither subpoenaed the correct party, nor shown that Mr. Frederici controls the Confidential Settlement Agreement it seeks to compel. As such, its Motion must be denied.

There is one final matter that must be attended to. In responding to Plaintiff's Motion, LANS has asked the Court to "sanction Plaintiff for its attempted abuse of the discovery process," *Doc. 54* at 1, because the Motion is both "frivolous and factually and legally baseless."

---

[1] Whom Plaintiff incorrectly named as "Dan" Frederici in the referenced subpoenas. *See Doc. 54-1*.

2

*Id.* at 4. LANS therefore requests its attorney fees and costs for the preparation of its Response. The problem for LANS is it has failed to identify the Court's authority to sanction Plaintiff in these circumstances. The Federal Rules require a request for a court order to "state with particularity the grounds for seeking the order[.]" Fed. R. Civ. P. 7(b)(1)(B). Accordingly, while the Court agrees that Plaintiff's Motion was baseless, LANS' request for fees and costs will be denied.

    IT IS SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE