IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

       Plaintiff,

v.                                                            CIV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

       Defendant.

# **MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court on Defendant's Motion to Compel Discovery Responses to Requests for Production Nos. 10, 15, 18, 19, and 20 (*Doc. 56*), filed March 15, 2018. Plaintiff did not file a Response. Instead, Plaintiff supplemented its discovery responses. *See Docs. 63, 65* (Certificates of Service). However, in its Reply, Defendant argues that Plaintiff's responses remain deficient. *See Doc. 67*. As such, Defendant asks the Court to "grant its Motion to Compel requiring supplemental discovery responses or production, and award appropriate sanctions, including attorneys' fees associated with filing this Motion to Compel." *Id.* at 6. Having considered all pertinent authority, the Court will grant Defendant's Motion.

      Plaintiff's failure to respond to Defendant's Motion has consequences. Pursuant to Local Rule 7.1(b), "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). According to the Tenth Circuit, "local rules of practice, as adopted by the district court, have the force and effect of law, and are binding upon the parties and the court which promulgated

them...." *Smith v. Ford Motor Co.*, 626 F.2d 784, 796 (10th Cir. 1980) (citation and quotation omitted). Courts in this district have relied upon this rule in granting motions to compel that are unopposed. *See, e.g.*, *Applied Capital, Inc. v. Gibson*, 2006 WL 4017480, at *2 (D.N.M. Nov. 3, 2006); *Cruz v. Perez*, 2014 WL 12617408, at *1 (D.N.M. Oct. 28, 2014); *Horn v. Bull Rogers, Inc.*, 2014 WL 12798367, at *1 (D.N.M. Jan. 7, 2014). Accordingly, the Court will grant Defendant's Motion.

Finally, there is the matter of Defendant's request for sanctions. Under Federal Rule of Civil Procedure 37(a)(5)(A), "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurrent in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Plaintiff only served responses to the discovery requests at issue after Defendant filed its Motion, and the Court is granting Defendant's Motion as a matter of procedure. Accordingly, Defendant is hereby instructed to file a motion seeking its costs and fees associated with litigating the instant Motion. Such a motion must be filed within fourteen (14) days of the entry of this Order and must be supported by contemporaneous and meticulous time records and an affidavit establishing the reasonableness of both the hours expended and the hourly rate requested. Plaintiff may file a response and Defendant may file a reply in accordance with this Court's Local Rules. *See* D.N.M.LR-Civ. 7.4.

    IT IS SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE