IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

       Plaintiff,

v.                                                CIV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

       Defendant.

# **MEMORANDUM OPINION AND ORDER**

       This matter comes before the Court on Plaintiff's Motion to Compel Defendant to Produce the Confidential Settlement Agreement between ESGG and LANS (*Doc. 59*), filed March 21, 2018. Defendant filed a Response in which it argues that Plaintiff's Motion is untimely under this Court's local rules. *See generally Doc. 66*. Plaintiff failed to rebut Defendant's argument by virtue of declining to file a Reply. *See Doc. 71* (Notice of Completion of Briefing). Because the Court agrees that Plaintiff's Motion is untimely under this Court's Local Rules, and because it fails to otherwise conform to the requirements of the Local Rules, it will be denied.

       Plaintiff sent Defendant a request for the Confidential Settlement Agreement on February 10, 2017. *Doc. 59-1* (Certificate of Service). Defendant served its objection to this request on May 1, 2017. *Doc. 66* at 2; *Doc. 30* (Certificate of Service). Pursuant to Local Rule 26.6, a party served with an objection to a request for production "must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection…. Failure to proceed within this time

period constitutes acceptance of the objection." D.N.M.LR-Civ. 26.6. However, Plaintiff did not serve a meet and confer letter on Defendant until January 30, 2018. *Doc. 66-1*. Nor has Plaintiff argued that good cause exists for the delay. Under these circumstances, the Court will deny Plaintiff's Motion. *See Thymes v. Verizon Wireless, Inc.*, 2017 WL 4534838, at *3 (D.N.M. Feb. 9, 2017) ("Thymes does not contend that he was granted an extension of the Local Rule 26.6 timing requirement, nor did he argue that good cause exists for the delay."); *Garcia v. Crossmark, Inc.*, 2014 WL 12791242, at *2 (D.N.M. May 29, 2014) ("The Court finds that Plaintiff has failed to make a showing of good cause to extend the 21-day deadline under Local Rule 26.6."); *Salazar v. Flavin*, 2015 WL 13667105, at *4 (D.N.M. Feb. 3, 2015) (applying Local Rule 26.6 to deny a motion to compel).

Additionally, Plaintiff's Motion fails to conform to Local Rule 37.1, which states that "[a] party seeking relief pursuant to FED. R. CIV. P. 26(c) or 37(a) must attach to the motion a copy of: (a) the interrogatory, request for production or inspection, relevant portion of deposition transcript, or request for admission; and (b) the response or objection thereto." D.N.M.LR-Civ. 37.1. The language of this rule is mandatory, yet Plaintiff failed to attach the request and objection at issue to its Motion, instead opting to attach only the Certificate of Service for its request. *See Doc. 59-1*. "Because Plaintiff did not comply with this requirement, the Court cannot review Defendant['s] discovery responses and objections or consider any potential deficiencies therein. Consequently, the Court must deny Plaintiff's motion to compel." *Salazar*, 2015 WL 13667105, at *4; *see also Salazar v. Bocanegra*, 2012 WL 12903998, at *2 (D.N.M. July 27, 2012) ("The Court is unable to rule on this portion of the motion because it does not know what response Plaintiff provided to RFA No. 5.").

As a final matter, the Court notes that under Federal Rule of Civil Procedure 37(a)(5)(B), if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the Court must not order this payment if the motion was substantially justified or "other circumstances make an award of expenses unjust." *Id.* Here, the Court is denying Plaintiff's Motion on procedural grounds, and is not reaching the substance, which may have merit. Moreover, had Plaintiff bothered to file a Reply, it might have argued that the local rules "may be waived by a Judge to avoid injustice." D.N.M.LR-Civ. 1.7. As such, the Court finds that awarding Defendant its expenses in responding to the Motion would be unjust in these circumstances.

IT IS SO ORDERED.

$\hspace{3in}$_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE