IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

       Plaintiff,

v.                                                                                                              CIV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

       Defendant.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Atkins Energy's Motion for Attorney Fees Associated with Filing Motion to Compel [Doc. 79], filed July 12, 2018. Plaintiff EDi filed a Response [Doc. 82], and Defendant filed a Reply [Doc. 84]. Having considered the parties' positions and all relevant authority, the Court will grant Defendant's Motion in part.

**I)**       **BACKGROUND**

Defendant filed its Motion to Compel Discovery Responses to Requests for Production Nos. 10, 15, 18, 19, and 20 on March 15, 2018. [*See generally* Doc. 56]. Plaintiff did not respond to the Motion to Compel, but instead supplemented its discovery responses – twice. [*See* Docs. 63, 65]. Defendant filed a Reply in support of the Motion to Compel on April 11, 2018, explaining that Plaintiff's responses remained deficient. [*See generally* Doc. 67]. The Court, accordingly, granted Defendant's Motion to Compel on June 28, 2018. [*See* Doc. 74].

Having granted Defendant's Motion, the Court invited it to move for costs and fees associated therewith. [*Id.*, p. 2]. Defendant filed the instant Motion as instructed, supported by the

1

affidavit of Robert J. Sutphin, Defendant's local counsel. [*See generally* Docs. 79, 79-1]. In the Motion, Defendant requests a total of $9,3663.00 in attorney fees. [*Doc. 79*, p. 2].

Plaintiff argues that the fees sought are excessive, and that "the supporting affidavit is insufficient to show the fees are reasonable." [Doc. 82, p. 1]. Specifically, Plaintiff argues that the hourly rates sought - $450.00 per hour for attorney James Barnett and $240.00 per hour for attorney Elizabeth Rudolf - are excessive for this district. [*Id.*, p. 2]. Additionally, Plaintiff argues that Defendant's requested hours - 30.1 for both attorneys - demonstrates duplicative billing practices. Plaintiff asks the Court to evaluate both the requested hours and hourly rates for reasonableness. [*Id.*, p. 1]. Plaintiff also takes issue with certain specific hours requested by Defendant, such as the allegedly 7.9 hours spent coordinating regarding the motion to compel, 5.3 hours spent revising the reply brief (yet only 2 hours drafting it), and duplicative entries for drafting the initial Motion.

In its Reply, Defendant argues that its attorneys' time was not duplicative, and supports its time entry for revising the reply brief by arguing that "there is no substantiated reason why fine-tuning and revisions of a brief cannot exceed the initial drafting." [Doc. 84, p. 2]. As to the time spent coordinating, Defendant explains that this time was spent "coordinating regarding the meet and confer, reply brief, strategy for both the original motion and its reply, discovery issues, filing, supplemental production, and communications with the client team." [*Id.*]. More to the point, Defendant argues that "[h]ad EDi complied with Atkins Energy's original requests and met its discovery obligations, a majority of this time would not have been spent." [*Id.*]. Finally, Defendant argues in support of its proposed hourly rates. [*Id.*, pp. 2-3].

II) **LEGAL STANDARDS**

"The rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d

673, 680 (10th Cir. 2012) (quoting 1970 committee notes to Rule 37(a)(4)). As a consequence, Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require" the Court to award attorney fees for discovery misconduct. *Id.* at 678. Under Rule 37(a)(5)(A),

> [i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if . . . (ii) the opposing party's nondisclosure, response or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). In other words, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, *Federal Practice and Procedure* (3d ed. 2010), § 2288, n.17), unless the failure to respond was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5.

In the event that the Court determines that fees must be awarded, the burden shifts to the applicant to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted); *see Diaz v. Metzgar*, 2014 WL 12782782 at *7 (D.N.M. 2014) ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.") (quoting *Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1201 (10th Cir. 1986)). The Court will then reach a "lodestar figure," which is the product of reasonable hours expended times a reasonable hourly rate. *See Mares*, 801 F. 2d at 1201. "The setting of a reasonable hourly rate is within the district court's discretion…. [and] [h]ourly rates must reflect the prevailing market rates in the relevant community." *Jane L.*, 61 F.3d at 1510 (citation omitted).

An applicant lawyer must keep "meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citation omitted); *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1252 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). This concept is particularly apt "where a party is seeking to have his opponent pay for his own lawyer's work." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998). As such, a lawyer's billing statement should "include the specific amounts of time allocated to each individual task." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Jane L.*, 61 F.3d at 1510 (citation omitted); *see Case*, 157 F.3d at 1252 (declining to award fees where the party failed to establish that an attorney's work was reasonably necessary to their case and because her billing statements were "not clear.").

"A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares*, 801 F. 2d at 1203 (citations omitted); *Case*, 157 F.3d at 1252. As examples, the *Mares* court pointed to cases in which the Supreme Court reduced hours to account for a lawyer's lack of experience, for a failure to keep contemporaneous time records, and for unreasonable, unproductive or excessive time. *Mares*, 801 F. 2d at 1203 (citations omitted).

Additionally, once the Court has adequate time records before it, it must then ensure that the winning attorneys have exercised "billing judgment," which "consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. As the Supreme Court has stated, "[h]ours that are not properly billed to one's *client* also are not properly

billed to one's *adversary*[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoted authority omitted) (emphasis in original); *see also Mares*, 801 F. 2d at 1204 (fee awards "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.") (quoted authority omitted). Thus, it is not proper to bill for every hour logged where adjustments may be made for lack of experience or conducting general research. *See Mares*, 801 F. 2d at 1204 (citations omitted). A "district court may also reduce the reasonable hours awarded if 'the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative.'" *Case*, 157 F.3d at 1250 (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)).

**III) ANALYSIS**

Plaintiff does not argue that its conduct was substantially justified or that other circumstances render a fee award unjust in these circumstances. Accordingly, the Court will proceed to analyze the reasonableness of the hourly rate and specific hours at issue.

Beginning with the hourly rates, the Court finds that Mr. Barnett's requested hourly rate of $450.00 per hour will be reduced to $350.00 per hour and Ms. Rudolf's hourly rate will be reduced from $240.00 per hour to $220.00 per hour.

> "To determine what constitutes a reasonable rate, the district court considers the prevailing market rate in the relevant community." … "The rate must reflect rates that are reasonable in light of: (i) the attorney's level of experience; and (ii) the work the attorney performed." …. "In general, the 'relevant community' is 'the area in which the court sits....'" The court looks first "to the parties' evidence of the prevailing market rate," which is "typically established through the affidavits of local attorneys who practice in the same field as the attorneys seeking the fees." "If the court lacks adequate evidence to determine the prevailing market rate, it may use other factors, including its own knowledge, to establish the rate."

*Schueller v. Wells Fargo & Co.*, CIV 16-0107 MV/KBM, 2018 WL 2943245, at *3 (D.N.M. June 12, 2018) (internal citations omitted). Ms. Rudolf's rate is reduced primarily because Defendant has failed to offer any substantive reason why she should be paid more than a "comparable" associate in its New Mexico office. [*See* Doc. 79-1, p. 3]. Mr. Barnett's rate, on the other hand, is reduced due to its size relative to similar awards in this district. While Defendant provides an affidavit of a local attorney, Mr. Sutphin, in support of the hourly rate requested, it cites no case in which this Court has awarded fees at $450.00 per hour. In fact, the only commercial case that the Court is aware of in which a $350.00 per hour hourly rate was approved continues to be *XTO Energy, Inc. v. ATD, LLC*, CIV 14-1021 JB/SCY, 2016 WL 1730171, at *32 (D.N.M. Apr. 1, 2016), in which Judge Browning observed that "[a] $400.00 rate is a considerable amount for any commercial litigation in New Mexico." *Id.* Defendant argues that *XTO Energy* was decided two years ago, prompting the increase it requests. However, this Court's survey of fee awards in recent local decisions involving complex commercial cases does not support such an increase. *See, e.g.*, *Schueller*, 2018 WL 2943245, at *5 (collecting cases); *Fallen v. GREP Sw., LLC*, 247 F. Supp. 3d 1165, 1198 (D.N.M. 2017) (awarding $375.00 per hour in a consumer protection case that was "likely headed toward a class action[.]"). Accordingly, the Court finds that Mr. Barnett shall be entitled to a rate of $350.00 per hour. With these rates in mind, the Court turns to the hours expended by Defendant.

As noted, Defendant requests a total of 30.1 hours of attorney time, 10.2 hours for Mr. Barnett and 19.9 hours for Ms. Rudolf. However, the Court finds several instances of the time billed to be duplicative. Specifically, the Court agrees with Plaintiff's contention that attorney time spent coordinating regarding the motion to compel was unnecessary. The Court will accordingly subtract 5.9 hours from the total time requested by Mr. Barnett, to reduce his total requested hours

to 4.3. Likewise, the Court will reduce the time spent by Defendant's attorneys working on the reply brief. As mentioned, Plaintiff did not file a response to Defendant's Motion to Compel; thus, there was little need for a reply brief other than to catalog remaining deficiencies in the supplemental discovery responses. Under the circumstances, the Court finds that the time spent on the reply brief was excessive. Ms. Rudolf reports 11.9 hours drafting and revising the reply brief and Mr. Barnett reports 3.9 hours working on and revising the brief, for a total of 15.8 hours of attorney time. The Court will disallow half of the hours requested for working on the reply brief, thereby subtracting approximately 1.9 hours from Mr. Barnett and 5.9 from Ms. Rudolf.

What remains is a total of 2.4 hours for Mr. Barnett and 14 hours for Ms. Rudolf, or a total of 16.4 out of the total 30.1 hours they request. Given these amounts, and the rates determined above, the Court will award the following:

| Attorney | Hours | Rate | Amount |
| --- | --- | --- | --- |
| James Barnett | 2.4 | $350 | $840.00 |
| Elizabeth Rudolf | 14 | $220 | $3,080.00 |
| | | **Total:** | **$3,920.00** |

IV) **CONCLUSION**

The Court understands Defendant's frustration with Plaintiff's failure to cooperate in the discovery process, and to that end, believes that a fee award is warranted. However, Defendant has failed to meet its burden of establishing the reasonableness of the hourly rates and hours expended by its attorneys. Plaintiff did not file a response to the underlying motion to compel, thereby conceding the relief requested and limiting the necessary scope of a reply brief. As such, Defendant's Motion for Fees is granted in part and denied in part. Plaintiff shall pay Defendant **$3,920.00** within thirty (30) days of the entry of this order.

IT IS SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE