IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

      Plaintiff,

v.                                                                                                   CV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

      Defendant.

# MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Energy Solutions Government Group, Inc.'s ("ESGG") Motion to Compel Environmental Dimensions, Inc.'s ("EDi") Compliance with the Court's Order Requiring Supplemental Discovery Responses to Requests for Production Nos. 10, 15, 18, 19, and 20 [Doc. 88], filed September 27, 2018. EDi filed a Response [Doc. 92] on October 21, 2018, and ESGG filed its Reply [Doc. 100] on November 19, 2018, completing the briefing. Having considered the parties' submissions and all pertinent authority, the Court will grant the Motion.

**I.    BACKGROUND**

The instant issue is a narrow one. On March 15, 2018, ESGG filed a Motion to Compel Discovery Responses to Requests for Production Nos. 10, 15, 18, 19, and 20. [Doc. 56]. EDi did not file a Response to ESGG's Motion, instead choosing to supplement its discovery responses. [*See* Docs. 63, 65]. However, ESGG's Reply brief in support of the Motion argued that EDi's

discovery responses remained deficient. [*See* Doc. 67]. As such, the Court granted ESGG's Motion to Compel on June 28, 2018. [*See* Doc. 74].

ESGG returned to Court three months later, arguing through the present Motion that EDi has not yet supplemented its discovery responses as required by the Court's Order. [*See* Doc. 88, p. 2].[1] ESGG asks the Court to "require EDi to comply with the Court's order granting ESGG's previous motion to compel … and award appropriate sanctions, including attorneys' fees associated with filing this motion to compel." [*Id.*]. In its Response, EDi asserts that it "simply does not have any more documents to produce." [Doc. 92, p. 2]. ESGG's Reply asserts that EDi's responses remain deficient. [*See* Doc. 100, pp. 3-6]. Specifically, ESGG demands a verified explanation of why the documents it requests do not exist, if that is EDi's position. [*Id.*].

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 37(b)(2) governs the present circumstances. Specifically, Rule 37(b)(2)(A) provides that:

> If a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders. They may include the following:
> (i)      directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
> (ii)     prohibiting the disobedient party from supporting or opposing designated claims or defenses, of from introducing designated matters in evidence;
> (iii)    striking pleadings in whole or in part;
> (iv)    staying further proceedings until the order is obeyed;
> (v)     dismissing the action or proceeding in whole or in part;
> (vi)    rending a default judgment against the disobedient party; or
> (vii)   treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

---

[1] ESGG admits that it filed its Motion two days after asking EDi to supplement as required by the Court's Order. [Doc. 88, p. 2]. EDi argues that this action constituted "bad faith" and that ESGG's present Motion is filed "in violation of the rules of civil procedure." [Doc. 92, p. 1]. The Court disagrees. ESGG was under no obligation to ask EDi to further supplement its discovery responses once this Court entered its Order granting ESGG's Motion to Compel. Moreover, ESGG filed the instant Motion at the last possible day to do so. [*See* Doc. 48]. Under these circumstances, the Court does not find ESGG's failure to await EDi's response to its request to supplement pursuant to this Court's Order to be in "bad faith" or to violate any applicable rule of procedure.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

### III. ANALYSIS

As set forth above, Rule 37(b)(2) mandates action when a party disobeys a discovery order. In this case, EDi failed to comply with this Court's Order granting ESGG's Motion to Compel. As such, the Court has no choice but to Order EDi to provide verified responses to ESGG's request for production nos. 15, 18, 10, 19 and 20, explaining that it does not have the documents requested, and why. These responses should be served within 30 days of the entry of this Order.

Additionally, the Court will award ESGG its reasonable expenses, including attorney's fees, incurred in litigating the instant Motion given that EDi has failed to demonstrate that its "failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). However, given the lack of legal citation in either ESGG's Motion or Reply [*see* Docs. 88, 100], the Court expects the amount requested to reflect the Court's earlier determination of prevailing market rates [*see* Doc. 102], and to demonstrate "billing judgment." *See Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998). Such a motion seeking expenses must be filed within fourteen (14) days of the entry of this Order and must be supported by contemporaneous and meticulous time records as well as an affidavit establishing the reasonableness of the hours expended.

### IV. CONCLUSION

EDi has failed to show compliance with this Court's previous discovery Order; therefore, the Court is constrained to compel it to respond to ESGG's requests for production and to pay

3

ESGG's reasonable expenses in bringing the instant Motion. Fed. R. Civ. P. 37(b)(2). Wherefore, ESGG's Motion to Compel EDi's Compliance with this Court's Order [Doc. 88] is hereby GRANTED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE