IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

       Plaintiff,

v.                                                     No. CV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

       Defendant.

# **MEMORANDUM OPINION AND ORDER**

       This matter comes before the Court on EnergySolutions Government Group's ("ESGG's") Objections to Memorandum Opinion and Order Denying ESGG's Motion to Quash Environmental Dimension's ("EDi's") Subpoenas to the Department of Energy ("DOE") and National Nuclear Security Administration ("NNSA") and for a Protective Order (*Doc. 126*), filed April 11, 2019. The Court, having reviewed Magistrate Judge Jerry H. Ritter's Memorandum Opinion and Order of March 28, 2019 (*Doc. 123*), as well as EDi's Response in Opposition to ESGG's Objections (*Doc. 129*), filed April 25, 2019, and ESGG's Reply in Support of its Objections (*Doc. 136*), filed May 17, 2019, hereby **overrules** the objections and **adopts** Magistrate Judge Ritter's Memorandum Opinion and Order. ESGG's Motion to Stay Compliance with Magistrate Judge Ritter's Order (*Doc. 127*), filed April 11, 2019, and fully briefed on May 17, 2019 (*Doc. 137*), is, accordingly, **denied as moot**.

## I. LEGAL STANDARDS

Pursuant to statute, this Court must review a magistrate judge's ruling when a party timely files written objections. Objections to non-dispositive rulings are reviewed under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). Discovery is a nondispositive matter, and magistrate judges have the authority to issue discovery-related orders. *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997) (citing 28 U.S.C. § 636(b)(1)(A); *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1462 (10th Cir. 1988)).

Under Section 363(b)(1)(A) and Rule 72(a), this Court must defer to the magistrate judge's ruling unless it was clearly erroneous or contrary to law. *Allen v. Sybase*, 468 F.3d 642, 658 (10th Cir. 2006) (citing *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "The clearly erroneous standard … requires the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp.*, 847 F.2d at 1464 (quoting *United States v. United Staes Gypsum Co.*, 333 U.S. 364, 395 (1948)).[1] Thus, "[t]he clearly erroneous standard is intended to give the magistrate [judge] a free hand in managing discovery issues." *New Mexico v. Volkswagen Group of America, Inc.*, CV 16-0147 MCA/LF, 2016 WL 4072342, at * 1 (D.N.M. 2016) (citation omitted). "Under the 'contrary to law' standard, the district judge conducts a plenary review of the magistrate judge's legal determinations, setting aside the magistrate judge's order only if it applied an incorrect legal standard." *Coll v. Stryker Corp.*, CV 14-1089 KG/SMV, 2017 WL 3190658, at *7 (D.N.M. 2017) (cited authority omitted). "In sum, it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge." *Id.*

---

[1] "As the Seventh Circuit has articulated the standard, to be clearly erroneous 'a decision must strike [the court] as more than just maybe or probably wrong; it must … strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *STC.UNM v. Quest Diagnostics Inc.*, CV 17-1123 MV/KBM, 2018 WL 3539820 at *1 (D.N.M. 2018) (quoting *Parts &Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

2

"Finally, 'theories raised for the fist time in objections to the magistrate judge's order are deemed waived.'" *Id.* (quoting *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)).

## II. BACKGROUND[2]

As stated by ESGG, "[o]n May 29, 2018, EDi served subpoenas on DOE and NNSA, requesting documents relating to a radiological release event at the Waste Isolation Pilot Plant ('WIPP Incident'), including an alleged settlement agreement between ESGG and the government contractor (Los Alamos National Security ('LANS')) charged with operating remediation activities at Los Alamos National Laboratory ('LANL')." *Doc. 126*, p. 2. ESGG objected to the subpoenas and filed its Motion to Quash on September 27, 2019. *Doc. 87*. In its Motion, ESGG took the position that EDi's subpoenas should be quashed because they sought irrelevant information to EDi's claims in this litigation. *See generally id.* Additionally, ESGG argued that EDi was seeking discovery that it was previously denied by Magistrate Judge Ritter. *See id.*, p. 16. In conclusion, ESGG argued that "EDi is not entitled to discovery into liability for the WIPP Incident as a whole, including any alleged settlement agreement between ESGG and LANS." *Id.*, p. 16.

Meanwhile, the Department of Justice (on behalf of DOE and NNSA) conferred with counsel for EDi, and the parties ultimately reached an agreement as to what would be produced in the event that the Court denied ESGG's motion to quash. *See Doc. 126-1*. Of note, the Department has not sought to intervene in this action or otherwise challenged the validity of EDi's subpoenas. *Id.* On the contrary, the Department has "located a requested settlement agreement" and indicated that, if the motion to quash is denied, then it will be producing the same to EDi subject to "the terms of the existing protective order." *Id.*

---

[2] ESGG does not object to any of Magistrate Judge Ritter's background section, and the Court finds none of it to be clearly erroneous. As such, the Court only restates the facts pertinent to the instant dispute.

3

Nonetheless, ESGG litigated its Motion to Quash to fruition, arguing in its Reply Brief that: (1) EDi's Response had been served one day late, and that the Motion to Quash should therefore be granted under this Court's Local Rules; (2) the discovery sought by EDi is irrelevant to its claims; (3) EDi's subpoenas are overly burdensome; and, (4) the alleged settlement agreement is confidential. *See Doc. 95*. Magistrate Judge Ritter rejected these arguments. *See Doc. 123*. First, Magistrate Judge Ritter concluded that EDi's Response was timely. *Id.*, p. 1. Second, he determined that ESGG lacked standing to challenge the subpoenas because it refused to admit to the existence of the "alleged" settlement agreement. *Id.*, p. 6 (reasoning that ESGG would have demonstrated standing had it admitted to the existence of the agreement, but that its assertions of confidentiality were "conclusory, at best, and insufficient to establish standing to challenge the subpoenas."). Alternatively, Magistrate Judge Ritter determined that ESGG's Motion should be denied on its merits. *Id.*, p. 6. Magistrate Judge Ritter reasoned that there was no absolute rule precluding EDi from subpoenaing third parties where its previous efforts to compel production of the alleged agreement failed. *Id.*, pp. 6-7. Moreover, Magistrate Judge Ritter reasoned that the alleged agreement would be relevant to EDi's claims for unfair trade practices and tortious damage to reputation and contract. *Id.*, p. 7. Finally, Magistrate Judge Ritter found that ESGG lacked standing to object to the subpoenas as unduly burdensome, and rejected its position that the confidential nature of the alleged agreement should preclude its disclosure to EDi, given that the parties could easily enter into a stipulated protective order in this case. *Id.*, pp. 8-9.

ESGG now objects to Magistrate Judge Ritter's Order. First, ESGG argues that Magistrate Judge Ritter incorrectly calculated EDi's response deadline and that, because it was filed one day late, ESGG's Motion to Quash should have been granted regardless of its merit as a matter of this Court's Local Rules. *Doc. 126*, p. 5. Next, ESGG argues that it has standing to move to quash

4

because it has a privacy interest in the alleged settlement agreement. *Id.*, p. 7. ESGG then explains that its failure to admit to the existence of the agreement was a matter of technical truth; it knew which agreement EDi was referring to but "could not" admit to its existence because EDi did not name the correct agreement. *Id.*, p. 8. Alternatively, ESGG argues that EDi cannot burden non-parties for discovery that should have been sought from ESGG, and that EDi should not be able to receive from a non-party the settlement agreement that Judge Ritter previously denied it. *Id.*, pp. 9-11. Finally, ESGG objects that the subpoenas seek irrelevant discovery. *Id.* at 12.

### III. ANALYSIS

#### A) Timeliness of EDi's Response to the Motion to Quash

The Court agrees with ESGG that it is technically right, insofar as it appears that Magistrate Judge Ritter may have miscalculated EDi's Response deadline, and that it was, in fact, filed one day late under this Court's Local Rules. *See* D.N.M.LR-Civ.7.4(a) ("A response must be served and filed within fourteen (14) calendar days after service of the motion…. These time periods are computed in accordance with FED. R. CIV. P. 6(a) and (d)."). It is also true that under this Court's Local Rules "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ.7.1(b). As such, ESGG is technically correct, Magistrate Judge Ritter *could* have granted its Motion as a matter of procedure under this Court's Local Rules.

However, the Court is not here dealing with a substantial delay, it is dealing with a response brief that was filed *one day late*. In such circumstances, the Court prefers to rule on the merits of the Motion, and it does not fault Magistrate Judge Ritter for turning to the Motion's substance rather than dwelling on this procedural technicality. Moreover, the Local Rules "may be waived by a Judge to avoid injustice[,]" D.N.M.LR-Civ.1.7, and the Court notes that they should "be

construed consistently with the Federal Rules of Civil Procedure[,]" D.N.M.LR-Civ.1.4, which are to be "construed, administered, and employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. When read together, the Court is confident that these provisions support analysis of the merits of ESGG's Motion rather than granting it a technical win especially where, as here, the Court agrees its Motion should be denied.

**B) Standing**

ESGG does not challenge Judge Ritter's restatement of the legal standards that apply when a Court considers whether a party has standing to challenge a third-party subpoena. As Magistrate Judge Ritter noted, "[g]enerally, a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought or upon a showing that there is an applicable privacy interest." *Doc. 123*, p. 5 (citing *Morris v. Ulibarri*, CV 06-1052 MV/DJS, 2010 WL 11474423 at \*2 (D.N.M. 2010); *Booth v. Davis*, CV 10-4010 RDR, 2011 WL 2008284 at \*2 (D. Kan. 2011); *Martin v. National Union Fire Insurance Co. of Pittsburg, PA*, CV 13-0285 MAP, 2013 WL 12156516 at \*1 (M.D. Fla. 2013); *Charles Schwab & Co., Inc. v. Highwater Wealth Management, LLC*, CV 17-0803 CMA/NYW, 2017 WL 4278494 at \*4 (D. Colo. 2017); *Paramo v. Aspira Bilingual Cyber Charter School*, CV 17-3863, 2018 WL 4538422 at \*3 (E.D. Penn. 2018)). Contrary to Magistrate Judge Ritter's finding, ESGG argues that it does have standing to challenge the subpoenas here because it has a privacy interest in the alleged agreement. *Doc. 126*, p. 7. ESGG so argues despite its failure to admit the existence of the agreement in its briefing before Magistrate Judge Ritter. *Id.* The Court is not convinced.

ESGG had a burden in demonstrating its standing to move to quash EDi's subpoenas. As Magistrate Judge Ritter noted, "[a]bsent a specific showing of privilege or privacy, a court cannot

6

quash a subpoena duces tecum." *Doc. 123*, p. 5 (quoting *Windsor v. Martindale*, 175 F.R.D. 665 (D. Colo. 1997)). Here, ESGG did not (and does not) make a specific showing of privacy. In its objections ESGG argues that some of the other information sought by EDi "may well have included discussion of ESGG's proprietary business methods, pricing, personnel, and other confidential information[,]" but it does not describe the information it seeks to be protected beyond these general terms. *Doc. 126*, pp. 8-9. As such, the Court is not convinced that Magistrate Judge Ritter made a legal error when determining that ESGG failed to prove its standing to challenge EDi's subpoenas, and bald allegations that the magistrate judge's order will cause harm or damage to the objecting party are insufficient. *See Toth v. Gates Rubber Co.*, 216 F.3d 1088 (10th Cir. 2000) (unpublished).

### C) Alternatively, the Court agrees with Magistrate Judge Ritter's analysis of the merits of ESGG's Motion.

#### i. EDi was not precluded from seeking the documents from third parties.

ESGG objects to Magistrate Judge Ritter's quotation of a non-binding district court case out of the District of Wyoming for the proposition that "there is no absolute rule prohibiting a party from seeking to obtain the same documents from a non-party as can be obtained from a party, nor is there an absolute rule providing that the party must first seek those documents from an opposing party before seeking the from a non-party." *See Doc. 123*, p. 6. ESGG does not argue that this is a misstatement of the law or a misapplication of the law, only that the court in that non-binding case ultimately quashed the subpoena at issue. *Doc. 126*, p. 10. ESGG then argues that "other district courts reach a similar conclusion that the requesting party should seek the discovery first from parties to the litigation[.]" *Doc. 126*, p. 10 (citations omitted). None of the cases cited by ESGG demonstrate that Magistrate Judge Ritter applied the wrong legal standard in this case, and none

7

of them are binding on this Court. As such, the Court overrules ESGG's objection that EDi was *required* to obtain the subpoenaed documents from it, rather than seeking them from third parties.

>  **ii. ESGG has failed to demonstrate the impropriety of permitting EDi to receive the settlement agreement Magistrate Judge Ritter previously denied it.**

ESGG's next objection amounts to a contention that Magistrate Judge Ritter was bound by his own prior rulings to deny EDi access to the alleged settlement agreement. *See Doc. 126*, pp. 11-12. However, as Judge Ritter explained, both of EDi's prior motions to compel the settlement agreement from ESGG and LANS were denied on procedural grounds; that is, he never reached their substance. *Doc. 123*, p. 7. While ESGG "questions the policy benefits in allowing" EDi to subpoena a non-party after losing motions to compel on procedural grounds, it has failed to demonstrate anything about Magistrate Judge Ritter's ruling in this regard that is clearly erroneous or contrary to law.

>  **iii. The Court is not convinced that the information sought by EDi's subpoenas is irrelevant to EDi's claim.**

Turning to the heart of the matter, the Court is not convinced that ESGG has demonstrated that the alleged settlement agreement is irrelevant to EDi's claims. At the outset, the Court notes that EDi has agreed to dismiss its tortious damage to reputation claim, so ESGG is correct that Magistrate Judge Ritter's reliance on that claim was erroneous. *See Doc. 126*, p. 13. Nonetheless, that claim was not the focus of Magistrate Judge Ritter's Order, which set forth EDi's assertions of ESGG's alleged unfair trade practices, *See Doc. 123*, p. 2. To this end, ESGG argues that Magistrate Judge Ritter made a legal error, because EDi has offered no evidence that ESGG knowingly made a false or misleading representation "at the time" of contracting for its services. *Doc. 126*, p. 13 (citing *Eisert v. Archdiocese of Santa Fe*, 207 P.3d 1156, 1164 (N.M. Court App. 2009)). The Court has reviewed the *Eisert* case, and does not find that it precludes the discovery

sought here. There, the plaintiff's claim under New Mexico's Unfair Trade Practices Act was dismissed (and the dismissal was affirmed on appeal) because she failed to demonstrate that the defendant cemetery "knowingly made a misrepresentation of fact when it sold the burial plots to Juan and Sofie, nor does Eisert even allege that the cemetery knowingly made such a misrepresentation." *Eisert v. Archdiocese of Santa Fe*, 2009-NMCA-042, ¶ 27, 146 N.M. 179, 187, 207 P.3d 1156, 1164. The Court does not read this holding to *require* the false or misleading representation to be made at the time of contracting where, as here, the parties have an ongoing relationship. Moreover, the holding of *Eisert* was that the plaintiff failed to demonstrate *any* misrepresentation. That is not the case here, at least if EDi's allegations are believed. Regardless, ESGG has failed to demonstrate that Magistrate Judge Ritter committed a legal error in holding that the settlement agreement was discoverable.

> **D) Having concluded that Magistrate Judge Ritter's Order is neither clearly erroneous nor contrary to law, the Court will deny ESGG's Motion to Stay.**

"The power to stay proceedings is incidental to the Court's inherent power to control the disposition of the causes on its docket with economy of time and effort." *Amaya v. Bregman*, CV 14-0599 WJ/SMV, 2016 WL 10516104, at *2 (D.N.M. 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The party requesting a stay 'must make out a clear case of hardship or inequity, if there is even a fair possibility that the stay will work damage to someone else.'" *Id.* ESGG, having failed to demonstrate that Judge Ritter's Order was contrary to law, has failed to meet its burden in requesting that the Court stay execution of the Order.

## IV. CONCLUSION

As noted in the Legal Standards section above, it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge. In order to do so, the

objecting party must clearly convince this Court that the magistrate judge erred as a matter of fact and as a matter of law. ESGG has failed to meet this heavy burden here.

**IT IS THEREFORE ORDERED** that ESGG's Objections to Judge Ritter's Order (*Doc. 126*) are **overruled**¸ Magistrate Judge Ritter's Memorandum Opinion and Order (*Doc. 123*) is **adopted**, and ESGG's Motion to Stay Compliance with Magistrate Judge Ritter's Order (*Doc. 127*), is **denied as moot**.

_____
CHIEF U.S. DISTRICT JUDGE