IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

      Plaintiff,

v.                                                                                               CV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

      Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Environmental Dimensions, Inc.'s (EDi) Motion to Extend Certain Discovery Deadlines [Doc. 96], filed November 12, 2018. EnergySolutions Government Group, Inc. (ESGG) filed a Response [Doc. 107] and EDi declined to file a Reply. [*See* Doc. 109]. Having considered the parties' arguments and all pertinent authority, the Court **denies** EDi's Motion, for the reasons set forth below.

### I.    INTRODUCTION

This Court issued an Amended Scheduling Order on February 14, 2018, setting the termination date for fact discovery to September 20, 2018, and the deadline for motions related to discovery to September 27, 2018. [*See* Doc. 48]. The Court further set expert disclosure deadlines (EDi's due by November 1, 2018, and ESGG's due by December 6, 2018), and a pretrial motions deadline of January 24, 2019. [*Id.*]. Despite these deadlines, EDi waited until November 12, 2018 to file the present motion, in which it asks the Court to "extend all discovery deadlines and related motions for good cause." [Doc. 96, p. 4]. However, EDi has demonstrated neither excusable

1

neglect for filing its Motion outside of the pertinent deadlines, nor good cause to extend the discovery and case management deadlines in this case. As such, the Court has no choice but to deny EDi's Motion.

## II.     BACKGROUND

EDi brings claims for breach of contract, civil fraud and unfair trade practices against ESGG.[1] [*see generally* Doc. 1-1]. These claims arise from the parties' relationship as prime and subcontractor to a contract with Los Alamos National Security (LANS) directed at the management, treatment and packaging of radioactive waste at Los Alamos National Laboratory. [*See id.*, p. 4]. Pertinent here, EDi alleges that ESGG, which was also the prime contractor to LANS prior to the award of the contract to EDi, was grossly negligent in its operations and contract work under a prior contract. [*Id.*, p. 9]. EDi asserts that ESGG's conduct under the prior contract caused "LANS to void or reduce the tasks assigned thereunder, or alter the contract held by PLAINTIFF EDi in a manner that would seriously damage the work PLAINTIFF EDi anticipated receiving under the contract[.]" [*Id.*, p. 9].

Throughout discovery EDi sought documents related to ESGG's alleged grossly negligent conduct, with little success. [*See generally*, Doc. 96, p. 2]. First, EDi served a subpoena on a LANS employee, later moving to compel production from the employee. [*See generally* Doc. 73]. The Court denied EDi's motion to compel on June 28, 2018, reasoning that EDi had subpoenaed the incorrect person who had neither possession nor control of the documents. [*Id.*]. EDi also sought the documents from ESGG directly, later moving to compel production. [*See generally* Doc. 76]. However, because EDi's motion to compel failed to conform to this Court's local rules and was untimely, it was also denied on June 28, 2018. [*Id.*]. Finally, EDi issued subpoenas to the United

---

[1] EDi also brought a claim for tortious damage to reputation and contract, but has since consented to the dismissal of that claim. [*See* Doc. 110].

2

States Department of Energy and the National Nuclear Security Administration for the documents on June 10, 2018. [*See generally* Docs. 87-1, 123]. ESGG moved to quash these subpoenas on September 27, 2018. [*See generally* Doc. 87]. Other than its briefing on ESGG's motion to quash, EDi took no action until it filed the instant Motion on November 12, 2018.

In its Motion, EDi asserts that it "has good cause in that it has been diligent in attempting to meet discovery deadlines but has been thwarted by Defendant in obtaining documents necessary in proving its case." [Doc. 96, p. 1]. EDi then recites the above factual background, noting that "Defendant's motion to quash Plaintiff's subpoenas has not been decided yet by the Court and Defendant relies upon that motion to both prevent depositions of fact witnesses and the key documents subpoenaed from their files[.]" [*Id.*, pp. 2-3]. EDi then sets forth its interpretation of the relevant standards, asking the Court to "exercise its discretion and extend all discovery, expert reports, discovery motions and *Daubert* motions." [*Id.*, p. 3]. EDi then concludes by arguing that there is no trial setting in this case and that ESGG will not be prejudiced as it "has obstructed discovery in this case, which resulted in Plaintiff attempting to obtain the documents from other sources." [*Id.*, p. 4]. EDi further argues that it "has done everything it could do to obtain discovery and is now awaiting the decision of the Court to determine Defendant's motion to quash the subpoenas." [*Id.*].

In response, ESGG argues that "EDi's motion asks this Court to rescue it from its own dilatory conduct." [Doc. 107, p. 1]. ESGG points out that "EDi had over two years to conduct discovery" and filed the instant motion after the expiration of the pertinent deadlines. [*Id.*, pp. 1-2]. Moreover, ESGG argues it will be prejudiced "in terms of time, money, and strategy." [*Id.*, p. 2]. Thus, ESGG posits that EDi has shown "neither good cause nor excusable neglect for its delay." [*Id.*, p. 4]. EDi opted against filing a reply brief.

### III. LEGAL STANDARDS

Under Rule 6(b)(1)(B) "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993). However, "inadvertence, ignorance of the rules, or mistakes concerning the rules do not usually constitute 'excusable' neglect[.]" *Id.* "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Factors to consider are the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

Under Rule 16(b)(2) a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(2). "'[G]ood cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). "[I]nadvertence or negligence alone do not constitute 'good cause[,]'" nor do mistakes of counsel of ignorance of the rules. *Id.* at 176. "The Advisory Committee Notes to rule 16 explain: '[t]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *People's Trust Federal Credit Union v. National Credit Union Administration*, 350 F.Supp.3d 1129, 1142 (D.N.M. 2018) (quoting Advisory Committee Notes to Rule 16). Thus, "[g]ood cause focuses on the diligence of the party seeking to modify the scheduling order[.]" *Id.* (citation omitted). "The plaintiff who seeks to rely on the good cause

provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176; *see also Birch v. Polaris Industries, Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015). Ultimately, "[w]hether to extend or reopen discovery is committed to the sound discretion of the trial court[.]" *Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987).

> Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (citations omitted). "[T]he *Smith* factors are dispositive as to how good cause applies in motions to reopen[.]" *Anderson Living Trust v. WPX Energy Production, LLC*, 308 F.R.D. 410, 441 (D.N.M. 2015) (Applying the *Smith* factors and Rule 16's "master good-cause standard" in denying a motion to reopen discovery.).

IV. **ANALYSIS**

A) **EDi has failed to show its neglect in failing to file for an extension prior to the expiration of the pertinent deadlines was "excusable."**

EDi's showing of excusable neglect in failing to file the instant motion before the deadline is paltry. [*See* Doc. 96, p. 4]. It neither explains the reason for its delay in filing the instant motion, nor argues that it acted in good faith. [*Id.*]. Instead, EDi focuses on the lack of prejudice to ESGG and the absence of a trial setting in this case. [*Id.*]. While these factors are relevant, they are not dispositive especially where, as here, EDi has failed to articulate "a reasonable basis for not complying within the specified period." *See Rodriguez v. Peak Pressure Control*, CV 17-0576 JCH/KBM, 2018 WL 3242290 at * 1 (D.N.M. 2018). The Court assumes that EDi's failure to move to extend the deadlines prior to November 12, 2018, was due to its neglect; the question is whether that neglect was excusable. Here, EDi has offered no excuse for its neglect of the

5

deadlines, deadlines it should have known were looming, except to point to the fact that ESGG's motion to quash its subpoenas was pending. But EDi did not need the Court to rule on ESGG's motion to quash to timely file the instant Motion. Under the circumstances here, where nearly two months elapsed between the discovery deadline and EDi's Motion, the Court is not convinced that excusable neglect has been demonstrated.

### B) EDi has failed to demonstrate good cause to modify the Scheduling Order and reopen discovery.

However, even if it assumes *arguendo* that EDi can meet the minimal threshold of showing excusable neglect, the Court is not convinced that it has shown the good cause required to modify the Scheduling Order and reopen discovery. As noted above, to meet this standard EDi must show that it was diligent during the relevant period. EDi has not made this showing. EDi's attempts to obtain the documents throughout discovery demonstrate mistakes of counsel and possibly ignorance of the rules, neither of which are enough to show good cause. Likewise, under *Smith*, the request to reopen discovery is opposed and the Court finds that EDi was not diligent in obtaining discovery within the guidelines established by the court even though the discovery was foreseeable. This is unfortunate, as EDi might have demonstrated why or how the discovery would lead to relevant evidence had it bothered to file a reply brief. However, without such a showing, the Court finds that *Smith* counsels against reopening discovery despite the fact that there is no trial setting and ESGG would suffer little prejudice[2] if the Court reopened discovery.

## V. CONCLUSION

Scheduling Orders are not entered lightly, and the Court expects them to be obeyed to the extent litigants are able. That's not to say that such orders may not be modified, but the Federal

---

[2] As noted above, ESGG argues prejudice in the form of "time, money, and strategy." [Doc. 107, p. 2]. The Court is not convinced that these measures of "prejudice" are the same as those envisioned by the Supreme Court.

Rules require such requests for modification to be supported by "good cause," and such requests are within the ambit of the Court's discretion. Here, EDi has failed to show good cause to modify the Scheduling Order under *Smith*, and the Court finds itself constrained to act within its discretion to deny the Motion. Accordingly, EDi's Motion [Doc. 96] is **denied**.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE