# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
────────────────────

ENVIRONMENTAL DIMENSIONS, INC.,

      Plaintiff,

      v.                                No. 1:16-cv-1056-WJ-JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS

**THIS MATTER** is before the Court on Defendant's Motion for Summary Judgment on Defendant's Counterclaims [Doc. 98], filed November 16, 2018. Plaintiff was a prime contractor to Los Alamos National Security, LLC for waste remediation work at Los Alamos National Lab. Defendant was one of Plaintiff's subcontractors. Defendant filed counterclaims alleging Plaintiff wrongfully withheld $1,057,354.63 in payments for work Defendant performed at Plaintiff's direction. Doc. 98 at 1-2. Defendant now seeks summary judgment on its counterclaim for breach of contract, and in the alternative, breach of the covenant of good faith and fair dealing, promissory estoppel/detrimental reliance, unjust enrichment, and open account/account stated.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way," and it is material "if under the substantive law it is essential to the proper disposition of the claim." *Becker v. Bateman*, 709 F.3d 1019, 1022

(10th Cir. 2013) (citation omitted). In other words, the question "is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* (citation omitted). When answering that question, the Court must view the evidence and draw all reasonable inferences from the underlying facts in the light most favorable to the party opposing summary judgment. *Id.*

Plaintiff and Defendant entered into a subcontract on August 20, 2013. Doc. 98 at Statement of Fact ¶12. In April 2014, Los Alamos National Security, LLC awarded Plaintiff Task Order No. 1. *Id.* at ¶16. Plaintiff and Defendant began work in July 2014. *Id.* For work from February to July 2015, Defendant submitted six invoices totaling $1,057,354.63. *Id.* at ¶27. Plaintiff's Project Manager, Chris Edgmon, authorized Defendant to perform the work reflected in each invoice and approved each invoice for payment, but Plaintiff did not pay Defendant. *Id.* at ¶28. Defendant argues Plaintiff's withholding payment has no basis in the parties' contract.

Plaintiff, however, argues there is a genuine issue of material fact as to whether Defendant is entitled to payment for work it performed after it was given a stop work order in May 2015 and continued to work at its own risk. Doc. 113 at 10. As supporting evidence, Plaintiff submitted a May 12, 2015 cure letter from Plaintiff's Senior Vice President to Defendant that stated Defendant needed to reduce its staff and that if not done "by Friday May 15, 2015, any work performed by [Defendant] above and beyond 35% is done so solely at [Defendant's] risk." Doc. 113-2.

Defendant argues the letter does not create a genuine dispute of material fact because it does not have any bearing on Plaintiff withholding payment for the work Defendant performed from February 2015 until the May 2015 letter. Doc. 117 at 5. Defendant, however, seeks summary judgment on its counterclaims for the work it performed from February to July 2015, not for the work it performed until the May 2015 letter. Defendant's argument, although persuasive, does not

resolve the factual dispute as to the entirety of its counterclaims.

Defendant also argues the letter does not create a genuine dispute of material fact because Plaintiff continued to direct and authorize Defendant to perform work after the letter. *Id.* Defendant cites Edgmon's deposition where he explains that he continued to authorize Defendant to work after the letter. Doc. 99 at 62. Defendant also cites Plaintiff's response to Statement of Fact 35 in which Plaintiff admits that Edgmon continued to authorize work from Defendant, but also stated that Defendant did the work at its own risk. Doc. 113 at 7. It is undisputed that Edgmon authorized Defendant to do work after the letter, but there remains a genuine factual dispute as to whether Defendant did that work at its own risk in light of the May 2015 letter and Plaintiff's Senior Vice President's testimony: "I don't care what . . . [Edgmon] says. I'm giving this direction to say, if you go over 35 percent, you're doing so at your own risk. It's that simple. They work for me." Doc. 99 at 25. It is also not clear whether the letter's 35% restriction had any effect on the parties' contract and, if so, whether Defendant complied with the 35% restriction after receiving the letter.

The standard for summary judgment is a high-bar for the moving party to clear. The evidence must be so one-sided in favor of the moving party that they must prevail as a matter of law. The Court finds that Defendant has not cleared that high-bar because there is a genuine dispute of material fact concerning whether Defendant is entitled to payment for the work it performed after the May 2015 letter; specifically, whether that work was done at Defendant's own risk.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgment on Defendant's Counterclaims [Doc. 98] is **DENIED**.

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**