IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

      Plaintiff,

v.                                                                                                       CV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

      Defendant.

# **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Energysolutions Government Group, Inc.'s ("ESGG") Motion to Enforce Protective Order and Maintain Confidentiality Designation [Doc. 141], filed July 18, 2019. At issue in the Motion is whether the Court should protect a confidential settlement agreement between Los Alamos National Security ("LANS") and ESGG - which the Court ordered produced to EDi when it denied ESGG's Motion to Quash EDi's subpoenas seeking the same - and whether ESGG has standing to move for a protective order in these circumstances. Relatedly, the Court must determine whether to award attorney's fees to either party for the present motion practice. The Court has reviewed Environmental Dimensions, Inc.'s ("EDi") Response to the Motion [Doc. 142], and ESGG's Reply [Doc. 144]. Having done so, the Court concludes that ESGG's Motion must be **granted in part**.

    **I.**        **BACKGROUND**

EDi is in the business of providing environmental services to the United States Department of Energy and other governmental agencies. [Doc. 1-1, p. 3]. As such, during the relevant time

1

period it was competing for contracts with Los Alamos National Laboratory ("LANL") which were set aside for small businesses in New Mexico. [*Id.*]. Ultimately, EDi was awarded a contract with LANS which provided that EDi would manage, treat, and package radioactive waste for LANS at the LANL facility. [*Id.*, p. 4]. Prior to the award of the LANS contract, EDi contracted with ESGG, the prior prime contractor to LANS, to "provide expert waste management personnel experienced in the LANS [Transuranic] Waste Program and knowledgeable of specific processes and procedures." [*Id.*]. Included among these duties was "waste treatment and packaging for shipment to the DOE Waste Isolation Pilot Plaint (hereinafter 'WIPP')." [*Id.*, p. 5].

The WIPP facility is an underground repository for the disposal of transuranic and other radiological waste. [Doc. 87, p. 4]. Prior to the contract underlying this case, ESGG was the prime contractor responsible for remediating and repackaging waste at LANL under LANS' direction. [*Id.*]. On February 14, 2014, there was a release of radiological materials at the WIPP facility "allegedly from" a drum of transuranic waste that had been repackaged and shipped to WIPP from LANL by ESGG. [*Id.*, p. 6]. In the meantime, on April 16, 2014, LANS notified EDi that it had been awarded the prime contract relating to waste disposal. [*Id.*]. After the parties' relationship soured, EDi sued ESGG in New Mexico State Court. [*See* Doc. 1-1]. ]. ESGG timely removed this matter to federal court on September 23, 2016. [*See generally* Doc. 1].

Discovery in this case has been fraught with discord, and the Court has issued seven substantive Orders addressing the parties' discovery disputes, not counting Orders addressing motions for attorney fees associated with such disputes. [*See* Docs. 50, 73, 74, 76, 123, 124, 139]. Many of these disputes have centered around a settlement agreement between ESGG and LANS resulting from the WIPP release. After the Court denied ESGG's Motion to Quash EDi's subpoenas seeking the settlement agreement from non-parties, [*see* Docs. 123, 138], and before

the non-parties produced the settlement agreement, ESGG produced it subject to the Agreed Order Governing the Confidentiality of Discovery Materials ("the Protective Order"), entered by the Court on October 3, 2017. [*See* Doc. 37]. The Protective Order has a two-tiered designation system; documents may be labeled "Confidential" or "Attorneys Eyes Only" ("AEO"). [Doc. 37, p. 2]. Pertinent here, ESGG labeled the settlement agreement AEO. [*See* Doc. 141-1]. The next day, the attorney representing the subpoenaed non-parties also produced the settlement agreement to EDi, also subject to the AEO designation. [Doc. 141-2].

ESGG now moves the Court to maintain the AEO designation for the settlement agreement. [*See generally* Doc. 141]. EDi opposes and argues bad faith, asserting that ESGG has not met its burden under the Protective Order and that, even if it did, ESGG does not have standing to move for such protection given that the Court denied its Motion to Quash the subpoenas seeking the settlement agreement. [*See generally* Doc. 142]. ESGG's Reply points out that EDi's Response brief was filed a day late under this Court's Local Rules, and argues that it has standing to move for protection as a signatory to the settlement agreement. [*See generally* Doc. 144].

## II.    LEGAL STANDARDS

"Federal Rule of Civil Procedure 26(c) expressly limits who may move for a protective order to parties or the person from whom discovery is sought." *S.E.C. v. Dowdell*, 144 Fed. Appx. 716, 722 (10th Cir. 2005) (unpublished). Moreover, "[a]t least one court has recognized that objecting non-parties have a legitimate interest in obtaining a protective order to protect their confidential commercial documents from disclosure." *High Point SARL v. Sprint Nextel Corp.*, 280 F.R.D. 586, 592 (D. Kan. 2012) (citing *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 342–43 (N.D. Ill. 2008)).

Under Rule 26(c), the court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). If it concludes that a protective order is warranted, the Court may take a variety of action, including limiting the scope of disclosure or discovery to certain matters. *See* Fed. R. Civ. P. 26(c)(1)(D). "It is the party seeking the protective order who has the burden to show good cause for a protective order." *Clower v. GEICO Ins.*, CV 12-0472 JB/WDS, 2013 WL 1897832, at *6 (D.N.M. Apr. 16, 2013) (Browning, J.).

"Federal district courts have broad discretion over discovery." *Id.* As with all of the Federal Rules of Civil Procedure, the discovery rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Protective orders serve the vital function of securing the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant." *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1272 (10th Cir. 2010) (quoted authority omitted). "The starting point for interpretation of a protective order lies in its plain language." *Id.* at 1271. "As long as a protective order remains in effect, the court that entered the order retains the power to modify it[.]" *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). By extension, the court that entered the protective order has the power to construe it. "The modification of a protective order, like its original entry, is left to the sound discretion of the district court." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).

As the Tenth Circuit has recently noted, a "settlement's confidentiality does not bar [its] discovery." *Burke v. Regalado*, 935 F.3d 960, 1048 (10th Cir. 2019) (citation omitted). However,

4

the court did encourage district courts to "take appropriate measures such as a protective order to safeguard any legitimate privacy interests in the settlement." *Id.*

Rule 37(a)(5) applies to the award of expenses where a protective order is sought. Fed. R. Civ. P. 26(c)(3). Under Rule 37(a)(5)(A), the Court must award expenses against the nonmovant or its attorney if such a motion is granted unless the nonmovant's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied the Court instead must award expenses against the movant. Fed. R. Civ. P. 37(a)(5)(B). If a motion to compel or for protective order is granted in part and denied in part, the Court may apportion the parties' reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). Thus, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, Federal Practice and Procedure (3d ed. 2010), § 2288, n.17), unless the losing position was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5. Moreover, any motion seeking an order from the court must "state with particularity the grounds for seeking the order[.]" Fed. R. Civ. P. 7(b)(1)(B).

### III. ANALYSIS

**A) ESGG has standing to move for protection of the settlement agreement under the Protective Order pursuant to Rule 26(c) and as a party to the settlement agreement.**

As noted above, Rule 26(c) expressly permits parties to move for protective orders. Fed. R. Civ. P. 26(c). ESGG is a party to this action and to the Protective Order entered in this case. [*See* Doc. 37, p. 6]. Moreover, even if it were not a party, the Court finds that ESGG has standing to move for a protective order to protect its confidential commercial information from disclosure. Therefore, ESGG has standing to move for protection of the settlement agreement under the Protective Order.

**B) While ESGG's Motion could be granted as a matter of procedure, the Court will grant it on the merits.**

Under this Court's Local Rules, "[a] response must be served and filed within fourteen (14) calendar days after service of the motion." D.N.M.LR-Civ. 7.4(a). "These time periods are computed in accordance with Fed. R. Civ. P. 6(a)[,]" which provides that in calculating deadlines the Court must exclude the day triggering the period and include the last day of the period. Fed. R. Civ. P. 6(a)(1). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b). However, the Local Rules may be waived by the Court to avoid injustice. D.N.M.LR-Civ. 1.7.

ESGG correctly argues that EDi's Response was due on August 1, 2019, as the Motion was filed on July 18, 2019. [Doc. 144, p. 2]. Yet, EDi did not file its response until August 2, 2019, one day late. [*See* Doc. 142]. This is not the first time that EDi has filed a late brief. [*See* Doc. 50; Doc. 138]. Therefore, the Court *could* grant ESGG's Motion as a matter of procedure. However, because the Court will grant the Motion on the merits, it will consider the arguments presented in the Response to avoid injustice.

**C) ESGG has met its burden to show that the settlement agreement and its terms are confidential or proprietary business or financial information properly designated AEO under the Protective Order.**

As noted above, under the Protective Order a party may designate CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY ("AEO") or CONFIDENTIAL INFORMATION. [*See* Doc. 37, pp. 2-3, 6]. Pertinent here, the AEO designation may only be used to protect confidential or proprietary sensitive business information, including highly sensitive financial or marketing information. [Doc. 37, p. 2]. CONFIDENTIAL INFORMATION is confidential or proprietary financial or business information not designated AEO. [Doc. 37, pp. 2-

3]. ESGG argues that the settlement agreement and its terms contain "proprietary financial and business information of a sensitive and strategic nature, including the consideration exchanged between ESGG and LANS to settle their dispute." [Doc. 141, p. 7]. EDi argues that this assertion is too vague to merit protection. [Doc. 142, p. 3].

Ultimately, the Court is convinced that the settlement agreement should be subject to the AEO designation. The parties to this case entered into the Protective Order precisely for the purpose of protecting sensitive information disclosed during discovery, just as the parties to the settlement agreement included a confidentiality provision in it to prevent disclosure of its terms. The material terms of the settlement agreement, including the provision detailing the consideration exchanged, have been closely guarded by ESGG throughout this litigation, and it has opposed disclosure of the settlement agreement to EDi at every turn. [*See, e.g.*, Doc. 141, p. 3]. Merely because the Court has determined that the settlement agreement may be relevant to EDi's claims does not mean that its contents must be shared beyond the ambit of the Protective Order, and EDi has failed to convince the Court that ESGG's designation of the settlement agreement as AEO was inappropriate. To the contrary, the settlement agreement appears to be precisely the sort of document contemplated by the Protective Order, which permits either party to protect confidential and commercially sensitive business and financial information unearthed during discovery.

**D) The Court will permit the AEO designation to apply to the entire agreement.**

In the Motion, ESGG discusses how it offered to de-designate the settlement agreement, instead labeling it only as CONFIDENTIAL, if EDi would agree that Section 3, which details the settlement consideration exchanged, remained AEO. [*See* Doc. 141, p. 10]. EDi apparently opposes this compromise, as nowhere in its Response is it mentioned. [*See generally* Doc. 142]. Because the offer was not accepted, the Court will not hold ESGG to it. As detailed above, as a

party to this case and a signatory to the settlement agreement ESGG had standing to designate the agreement AEO under the Protective Order, and it was under no obligation to offer to de-designate the settlement agreement absent a court ruling commanding it to do so. Moreover, given that ESGG has demonstrated that the settlement agreement warrants the AEO designation, EDi's counsel has failed to articulate a need to share the agreement, even as redacted by ESGG, with EDi's employees.

### E) The Court will not award attorney fees to either party.

In conclusory fashion, both parties seek their attorney fees for litigating the instant dispute. [*See* Doc. 141, p. 11; Doc. 142, p. 6; Doc. 144, p. 8]. As detailed above, fees associated with motions addressing protective orders are generally governed by Rule 37(a)(5), Fed. R. Civ. P. 26(c)(3), with the losing party typically paying the winner's fees unless the losing position was substantially justified. However, neither party to the current dispute posits a rationale to award such fees, even though they have been awarded previously in this case. [*See* Docs. 75, 102, 140]. As stated explicitly by the Federal Rules of Civil Procedure, a request for a court order, including an order awarding fees, "must … state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Moreover, while ESGG prevails on the underlying motion, EDi's opposition was substantially justified in light of the Court's prior Order denying ESGG's Motion to Quash the subpoenas that led to the production of the settlement agreement. Fed. R. Civ. P. 37(a)(5)(A). Therefore, the Court will award attorney fees to neither party for the present motion practice.

### IV. <u>ORDER</u>

For the reasons stated above, the Court finds that ESGG has standing to seek protection of the settlement agreement under the Protective Order and that the agreement is properly designated AEO. However, the Court will not award any attorney fees.

Wherefore, ESGG's Motion to Enforce Protective Order and Maintain Confidentiality Designation [Doc. 141], is hereby **granted in part**.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE