IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

       Plaintiff,

v.                                                                                                               CV 16-1056 WJ/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Environmental Dimensions, Inc.'s ("EDi") Motion to Compel or in the Alternative Reopen Discovery to Prevent Prejudice [Doc. 145], filed August 21, 2019. At issue in the Motion is whether the Court should compel Defendant Energysolutions Government Group, Inc. ("ESGG") to produce a document referenced in a confidential settlement agreement between ESGG and Los Alamos National Security ("LANS") now that the Court has denied ESGG's Motion to Quash EDi's subpoenas to the United States Department of Energy and National Nuclear Security Administration ("NNSA") seeking the same settlement agreement. Also at issue is whether the Court should reopen discovery now that EDi has secured the settlement agreement. However, before considering these issues, the Court must decide whether EDi's Motion, which was filed outside of the deadlines imposed by the Scheduling Order entered in this case and this Court's Local Rules, must be denied as a matter of procedure. Having considered the parties' arguments and all pertinent authority in light of the docket in this case, the Court concludes that EDi's Motion must be **denied** for failure to establish good cause for its late filing.

1

I.  **BACKGROUND**

EDi's Complaint in this matter asserts claims for breach of contract, civil fraud and unfair trade practices against ESGG.[1] [*See generally* Doc. 1-1]. These claims arise from the parties' relationship as prime and subcontractor to a contract with Los Alamos National Security (LANS) directed at the management, treatment and packaging of radioactive waste at Los Alamos National Laboratory. [*See id.*, p. 4]. Pertinent here, EDi alleges that ESGG, which was also the prime contractor to LANS prior to the award of the contract to EDi, was grossly negligent in its operations and contract work under a prior contract. [*Id.*, p. 9]. EDi asserts that ESGG's conduct under the prior contract caused "LANS to void or reduce the tasks assigned thereunder, or alter the contract held by PLAINTIFF EDi in a manner that would seriously damage the work PLAINTIFF EDi anticipated receiving under the contract[.]" [*Id.*, p. 9].

As was mentioned in this Court's last discovery-related order, discovery in this case has been fraught with discord, and the Court has now issued eight substantive Orders addressing the parties' discovery disputes, not counting Orders addressing motions for attorney fees associated with such disputes. [See Docs. 50, 73, 74, 76, 123, 124, 139, 159]. For its part, EDi's discovery motions sought the confidential settlement agreement between ESGG and LANS that, it contends, proves that ESGG's alleged grossly negligent conduct caused EDi to lose work under the prime contract. EDi's attempts to secure the settlement agreement were largely futile. First, EDi served a subpoena on a LANS employee, later moving to compel production from the employee. [*See generally* Doc. 73]. The Court denied EDi's motion to compel on June 28, 2018, reasoning that EDi had subpoenaed the incorrect person who had neither possession nor control of the documents. [*Id.*]. EDi also sought the documents from ESGG directly, later moving to compel production. [*See*

---
[1] EDi also brought a claim for tortious damage to reputation and contract but has since consented to the dismissal of that claim. [*See* Docs. 110, 155].

*generally* Doc. 76]. However, because EDi's motion to compel failed to conform to this Court's Local Rules and was untimely, it was also denied on June 28, 2018. [*Id.*].

Finally, EDi issued subpoenas to the DOE and NNSA for the documents on June 10, 2018. [*See generally* Doc. 138]. While ESGG moved to quash the subpoenas, the Court ultimately denied the motion to quash, finding that the settlement agreement was relevant to EDi's claims. [*Id.*, p. 8]. After the Court denied ESGG's motion to quash, it produced the settlement agreement subject to the protective order entered in this case before DOE and NNSA had an opportunity to do so. [*See generally* Doc. 159]. The next day, DOE and NNSA disclosed the agreement, subject to the same designation under the protective order. [Doc. 141-2]. ESGG moved this Court to enforce the confidentiality designation under the protective order, relief that this Court granted on November 13, 2019. [*See* Doc. 159].

EDi's present Motion accuses ESGG of a "pattern and practice of non-disclosure and bad faith" and asks the Court to "reopen discovery and order ESGG to fully answer and respond to discovery requests and produce all documents." [Doc. 145, p. 2]. EDi's position is that, because the Court determined that the settlement agreement was relevant to EDi's claims when denying ESGG's motion to quash, ESGG must supplement its discovery responses and produce a privilege log for responses it served on May 15, 2017. [*Id.*]. EDi concludes by requesting sanctions against ESGG and its counsel in the form of "the fees and costs of the year of effort Plaintiffs' counsel expended for his client in finding and obtaining the settlement agreement[.]" [*Id.*, pp. 8-10].

ESGG responds that EDi's Motion is over two years too late under this Court's Local Rules, which require a party served with objections to discovery to file a motion to compel within twenty-one (21) days of receiving the objection. [*See* Doc. 146, p. 4-8 (citing D.N.M.LR-Civ. 26.6)]. Alternatively, ESGG argues that that EDi's Motion should be denied because it seeks to

re-litigate a previous motion to extend discovery filed by EDi, which this Court denied. [*See id.*, pp. 11-12]. ESGG also argues that the discovery EDi seeks is futile – pointing out that EDi did not raise the need for additional discovery when responding to ESGG's motions for summary judgment, two of which remain pending as of the entry of this Memorandum Opinion and Order. [Doc. 146, p. 17; *see* Docs. 101, 103]. Finally, ESGG argues against sanctions directed at it or its counsel, contending it has all times acted in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules. [Doc. 146, pp 20-22].

In its reply brief, EDi argues that good cause exists to reopen discovery. [Doc. 148, pp. 4-5]. EDi blames ESGG for causing it prejudice by using "motion practice to delay production of subpoenaed documents and the opportunity to depose persons relating (sic) the documents that have been produced until the discovery deadline passed[.]" [*Id.*, p. 4]. EDi then argues that "despite [its] efforts, due to the prolonged motion practice, the scheduling deadlines could not be met[.]" *Id.* Finally, EDi posits that ESGG "has and continues to hide information that will substantially affect the outcome of this case[,]" warranting sanctions against both it and its counsel. [*Id.*, p. 8].

Before turning to its analysis, the Court pauses to note that the initial Order Setting Pretrial Deadlines entered in this case was filed November 29, 2016. [Doc. 22]. Under that Order, the initial discovery deadline was February 22, 2018. [*Id.*, p. 1]. As the initial deadline was approaching, the parties stipulated to an extension of the discovery deadlines, which was granted by the Court on February 14, 2018. [*See* Doc. 48]. Under the Amended Scheduling Order, fact discovery was due September 20, 2018. [*Id.*]. Over a month after this deadline passed, EDi filed an opposed motion for extension of time to complete certain discovery on November 12, 2018. [*See* Doc. 96]. This Court denied EDi's motion on June 6, 2019, finding that EDi failed to demonstrate either excusable neglect for failing to move to extend the discovery deadlines before

they expired, or good cause to modify the Amended Scheduling Order and reopen discovery. [*See generally* Doc. 139]. EDi did not move the Court to reconsider its ruling and did not seek review from presiding Chief District Judge Johnson, as permitted by 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

## II. **LEGAL STANDARDS**

The Court's analysis of the present issues depends on whether EDi has shown "good cause" to file its Motion outside of the time permitted by the Court's Local Rules and by the Federal Rules of Civil Procedure. Under Local Rule 26.6: "[a] party served with objections to: an interrogatory; request for production or inspection; or request for admission must proceed under D.N.M.LR-Civ. 37.1 within twenty-one (21) days of service of an objection … Failure to proceed within this time period constitutes acceptance of the objection. For good cause, the Court may, *sua sponte* or on motion by a party, change the twenty-one (21) day period." D.N.M.LR-Civ. 26.6. Likewise, under D.N.M.LR-Civ. 16.1, "[m]odification of deadlines in the Court's scheduling orders and trial notices, whether or not opposed, requires a showing of good cause and Court approval." The same is true under Rule 16 of the Federal Rules of Civil Procedure, which states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"In practice, [good cause] requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, ___ F.3d ____, 2019 WL 5850395, at *4 (10th Cir. Nov. 8, 2019) (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). Trial Courts have "considerable discretion" in determining what kind of showing satisfies the good cause standard. *Id.* (quoting 3 James Wm. Moore, Moore's Federal Practice - Civil § 16.14[1][b] (3d ed. 2019)). Factors that the Court should consider include the diligence of the lawyer who seeks the change, whether the need for additional

time was foreseeable, whether refusing to grant the extension would create a substantial risk of unfairness to the movant, and the possible prejudice to the opposing party. *Id.* at *4-5 (citations omitted). However, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.* (citation omitted). In other words, the "[m]ere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation … should not be considered good cause." *Id.* At *5 (quoted authority omitted). Thus, "the factor on which courts are most likely to focus is the relative diligence of the lawyer who seeks the change." *Id.* at *4 (cited authority and internal alterations omitted).

Assuming that EDi has shown good cause to file its Motion as required by Local Rules 26.6 and 16.1 and Federal Rule 16, the Court must still determine whether it has established good cause to reopen discovery and excusable neglect for failing to move to reopen discovery before the deadline expired. Under Rule 6(b)(1)(B) "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect" is a "somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 392 (1993). However, "inadvertence, ignorance of the rules, or mistakes concerning the rules do not usually constitute 'excusable' neglect[.]" *Id.* "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Factors to consider are the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

Assuming that EDi establishes excusable neglect for failing to act before the deadline, the Court must determine whether it has shown good cause to reopen discovery. As noted, under Rule 16(b)(4) a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(2). Pertinent here, "'good cause' requires a greater showing than 'excusable neglect.'" *In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996). "The Advisory Committee Notes to rule 16 explain: '[t]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." *People's Trust Federal Credit Union v. National Credit Union Administration*, 350 F.Supp.3d 1129, 1142 (D.N.M. 2018) (quoting Advisory Committee Notes to Rule 16). Thus, like good cause to modify a scheduling order, "[g]ood cause [to reopen discovery] focuses on the diligence of the party seeking to modify the scheduling order[.]" *Id.* (citation omitted).

> Appellate decisions have identified several relevant factors in reviewing decisions concerning whether discovery should be reopened, including: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Smith v. U.S.*, 834 F.2d 166, 169 (10th Cir. 1987) (citations omitted). "[T]he *Smith* factors are dispositive as to how good cause applies in motions to reopen[.]" *Anderson Living Trust v. WPX Energy Production, LLC*, 308 F.R.D. 410, 441 (D.N.M. 2015) (Applying the *Smith* factors and Rule 16's "master good-cause standard" in denying a motion to reopen discovery.).

### III. ANALYSIS

In denying EDi's previous motion to extend the discovery deadline, the Court found that EDi failed to demonstrate excusable neglect for its tardy filing. [*See* Doc. 139, pp. 5-6]. EDi has not argued that its neglect was excusable here, which is sufficient grounds in itself to deny the

7

Motion. However, even assuming *arguendo* that EDi could show excusable neglect, the Court concludes that it has failed to show the requisite good cause to excuse its failure to comply with this Court's deadlines and the deadlines imposed by the Local Rules.

**A) EDi has failed to show good cause to extend the deadline imposed by Local Rule 26.6 to file its motion to compel.**

As noted, to show good cause to extend the deadline imposed by Local Rule 26.6, the movant must show: that its counsel was diligent in challenging the objections raised by the party resisting discovery; that the need for additional time to challenge the objections was not foreseeable; and, that refusing to grant the extension would create a substantial risk of unfairness to the movant which is not outweighed by the possible prejudice to the opposing party. EDi has not made this showing.

As the Court has already ruled, EDi failed to challenge ESGG's objections within the deadline imposed by Local Rule 26.6 when they were served on May 10, 2017, or to argue good cause to extend the deadline. [*See* Doc. 76]. In its present briefing, EDi has offered no reason that this Court should excuse its initial tardiness in challenging ESGG's objections to producing the settlement agreement, nor why it should do so now. EDi has also failed to articulate how denying leave to file its Motion to Compel at this late juncture would result in unfairness, especially given its failure to raise the need for additional discovery in response to ESGG's motions for summary judgment. Therefore, the Court will deny EDi's Motion under the authority of Local Rule 26.6.

**B) EDi has failed to show good cause to extend the deadline to file its motion to compel as imposed by the scheduling order.**

To show good cause to extend deadlines in a scheduling order the moving party must show: that its lawyer was diligent in attempting to meet the deadlines; that the need for additional time was not foreseeable; and that denying the extension would create a substantial risk of unfairness

to the movant which outweighs the possible prejudice to the opposing party. EDi has not made this showing.

EDi does not explain why it filed the present Motion after the deadline for discovery motions, nor has it shown that this Court erred in concluding that it failed to show good cause to extend the discovery deadlines when it addressed EDi's previous motion to extend. [*See* Doc. 139]. EDi knew of the existence of the settlement agreement since the inception of this litigation and it spent the majority of its time in discovery lodging futile attempts to secure it. EDi cannot seriously contend that the need for additional time for discovery was not foreseeable, especially in light of the fact ESGG's motion to quash EDi's subpoenas to the DOE and NNSA was pending when it made its initial request to extend the discovery deadline. Therefore, the Court will deny EDi's Motion under the authority of Local Rule 16.1 and Federal Rule 16(b)(4).

**C) EDi has failed to show good cause to reopen discovery under the *Smith* factors.**

To show good cause to reopen discovery the movant must show that it was diligent in obtaining discovery within the guidelines established by the Court and that the need for additional discovery was foreseeable *in light of the time allowed*. *Smith*, 834 F.2d at 169. EDi has not made this showing.

As the Court already concluded when denying EDi's first motion to reopen discovery, "EDi's attempts to obtain the documents [at issue] throughout discovery demonstrate mistakes of counsel and possibly ignorance of the rules, neither of which are enough to show good cause." [Doc. 139, p. 6]. So too here. EDi's argument that motion practice related to discovery in this case was "prolonged" ignores the fact that it was on notice of ESGG's objections to producing the settlement agreement nearly a year and a half before the amended discovery deadline of September 20, 2018. [*See* Doc. 48]. The Court allowed ample time for the parties to complete discovery in

this case, having entered the first Scheduling Order on November 29, 2016. [*See* Doc. 22]. While it is true that there is no trial setting in this case, the parties have briefed ESGG's motions for summary judgment and are awaiting decision from presiding Chief District Judge Johnson. Permitting EDi another opportunity at discovery at this late juncture would run afoul of Rule 1's requirement that the Federal Rules be construed to secure the inexpensive and speedy determination of every action and proceeding. Therefore, the Court will deny EDi's Motion to reopen discovery for failure to establish good cause.

**D) The Court will award sanctions to neither party.**

"The rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (quoting 1970 committee notes to Rule 37(a)(4)). As a consequence, Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require" the Court to award attorney fees for discovery misconduct. *Id.* at 678. Under Rule 37(a)(5)(A), the Court must award expenses against the nonmovant or its attorney if a motion to compel is granted unless the nonmovant's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied the Court instead must award expenses against the movant. Fed. R. Civ. P. 37(a)(5)(B). If a motion to compel or for protective order is granted in part and denied in part, the Court may apportion the parties' reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). Thus, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, Federal Practice and Procedure (3d ed. 2010), § 2288, n.17), unless the losing position was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5.

"Substantially justified" means "justified to a degree that could satisfy a reasonable person." *Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1227 (10th Cir. 2015) (quoted authority omitted).

The Court concludes that no sanctions are warranted here. To merit sanctions under Rule 37, the prevailing party to a discovery dispute must show that the loser's position was not substantially justified. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii); Fed. R. Civ. P. 37(a)(5)(B). Alternatively, the loser can demonstrate that other circumstances make an award of expenses unjust. *Id.* Here, the Court is denying EDi's Motion to Compel or Reopen Discovery on procedural grounds and is not reaching the substance. Were it to reach the merits, the Court might agree with EDi that ESGG had a duty to produce a privilege log in response to EDi's discovery requests, *see* Fed. R. Civ. P. 26(b)(5), or that ESGG had a duty to supplement its discovery responses once the Court denied ESGG's motion to quash EDi's subpoenas. *See* Fed. R. Civ. P 26(e). As such, the Court finds that awarding ESGG its expenses in responding to the Motion would be unjust in these circumstances.

## IV. ORDER

For the reasons stated above, the Court concludes that EDi's Motion is untimely and that EDi has failed to establish good cause to either move to compel documents from ESGG or to reopen discovery in this case. Wherefore, EDi's Motion to Compel or in the Alternative Reopen Discovery to Prevent Prejudice [Doc. 145], is hereby **denied**.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE