IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

       Plaintiff,

v.                                                                                                 CV 16-1056 KWR/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

       Defendant.

# MEMORANDUM OPINION AND ORDER
# OVERRULING EDI'S OBJECTIONS AND AFFIRMING
# MAGISTRATE JUDGE'S DISCOVERY ORDER

This matter comes before the Court on Magistrate Judge Ritter's Memorandum Opinion and Order denying Environmental Dimensions, Inc.'s ("EDi's") Motion to Compel or in the Alternative Reopen Discovery to Prevent Prejudice [Doc. 145], filed August 21, 2019. [*See* Doc. 161, filed December 4, 2019]. EDi lodged objections to Magistrate Judge Ritter's Order [Doc. 162], and Energysolutions Government Group, Inc. (n/k/a Atkins Energy Government Group, Inc.'s ("ESGG's") responded to those objections. [*See* Doc. 165]. EDi also recently filed a Motion to Stay Proceedings pending a decision on its objections. [Doc. 178 (Motion): Doc. 183 (Response)]. As explained below, the standard of review applied to discovery rulings by Magistrate Judges is deferential, and EDi has not established that Magistrate Judge Ritter's factual finders were clearly erroneous, nor that his conclusions were contrary to law. As such, the Court **overrules** EDi's objections and **affirms** Magistrate Judge Ritter's Order. EDi's Motion to Stay is **denied as moot**.

1

I)      **STANDARD OF REVIEW**

This Court must review a magistrate judge's ruling when a party timely files written objections. Objections to non-dispositive rulings are reviewed under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a); *see Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997)).  Under Section 363(b)(1)(A) and Rule 72(a), this Court must defer to the magistrate judge's rulings unless they are clearly erroneous or contrary to law. *Allen v. Sybase*, 468 F.3d 642, 658 (10th Cir. 2006) (citing *Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a)). "The clearly erroneous standard … requires the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Industries*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United Staes Gypsum Co.*, 333 U.S. 364, 395 (1948)).[1] Thus, "[t]he clearly erroneous standard is intended to give the magistrate [judge] a free hand in managing discovery issues." *New Mexico v. Volkswagen Group of America, Inc.*, CV 16-0147 MCA/LF, 2016 WL 4072342, at * 1 (D.N.M. 2016) (citation omitted). "Under the 'contrary to law' standard, the district judge conducts a plenary review of the magistrate judge's legal determinations, setting aside the magistrate judge's order only if he applied an incorrect legal standard." *Coll v. Stryker Corp.*, CV 14-1089 KG/SMV, 2017 WL 3190658, at *7 (D.N.M. 2017) (cited authority omitted). "In sum, it is extremely difficult to justify alteration of the magistrate judge's non-dispositive actions by the district judge." *Id.* "Finally, 'theories raised for the first time in objections to the magistrate judge's order are deemed waived.'" *Id.* (quoting *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001)).

---

[1] "As the Seventh Circuit has articulated the standard, to be clearly erroneous 'a decision must strike [the court] as more than just maybe or probably wrong; it must … strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *STC.UNM v. Quest Diagnostics Inc.*, CV 17-1123 MV/KBM, 2018 WL 3539820 at *1 (D.N.M. 2018) (quoting *Parts &Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988)).

## II)     BACKGROUND

EDi's claims against ESGG arise from the parties' relationship as prime and subcontractor to a contract with Los Alamos National Security (LANS) directed at the management, treatment and packaging of radioactive waste at Los Alamos National Laboratory. [*See* Doc. 1-1, p. 4]. Pertinent here, EDi alleges that ESGG, which was also the prime contractor to LANS prior to the award of the contract to EDi, was grossly negligent in its operations and contract work under a prior contract. [*Id.*, p. 9]. EDi has asserted at every turn in this litigation that ESGG's conduct under the prior contract caused "LANS to void or reduce the tasks assigned thereunder, or alter the contract held by PLAINTIFF EDi in a manner that would seriously damage the work PLAINTIFF EDi anticipated receiving under the contract[.]" [*Id.*, p. 9]. Thus, EDi's discovery motions sought the confidential settlement agreement between ESGG and LANS that, it contends, proved ESGG's liability.

EDi's attempts to secure the settlement agreement without Court intervention were largely futile. EDi first failed to properly serve a subpoena on LANS, serving a LANS employee instead. [*See generally* Doc. 73]. Magistrate Judge Ritter denied EDi's motion to compel the employee to produce the agreement on June 28, 2018, reasoning that the employee had neither possession nor control of the document. [*Id.*]. EDi then served discovery requests on ESGG directly, later moving to compel production. [*See generally* Doc. 76]. However, because EDi's motion to compel failed to conform to this Court's Local Rules and was untimely, it was also denied by Magistrate Judge Ritter on June 28, 2018. [*Id.*].

Finally, EDi issued subpoenas to the U.S. DOE and NNSA for the agreement on June 10, 2018. [*See generally* Doc. 138]. As the parties are aware, ESGG's motion to quash the subpoenas were ultimately denied by Magistrate Judge Ritter and then on review by then-presiding Chief

District Judge Johnson. [*See id.*, p. 8]. ESGG then produced the settlement agreement subject to the protective order entered in this case before DOE and NNSA had an opportunity to do so. [*See generally* Doc. 159]. The next day, DOE and NNSA disclosed the agreement, subject to the same designation under the protective order. [Doc. 141-2]. ESGG then moved Magistrate Judge Ritter to enforce the confidentiality designation under the protective order. [*See* Doc. 159]. ESGG's motion was granted on November 13, 2019.

While ESGG's motion for protection was pending, EDi filed its Motion to Compel or in the Alternative Reopen Discovery, accusing ESGG of a "pattern and practice of non-disclosure and bad faith" and asking Magistrate Judge Ritter to "reopen discovery and order ESGG to fully answer and respond to discovery requests and produce all documents." [Doc. 145, p. 2]. EDi's position is that, because the Magistrate Judge Ritter's denial of ESGG's motion to quash concluded that the settlement agreement might be "relevant" to EDi's claims under Federal Rule of Civil Procedure 26, ESGG must supplement its discovery responses and produce a privilege log for responses it served on **May 15, 2017**. [*Id.*]. EDi also sought sanctions against ESGG and its counsel in the form of "the fees and costs of the year of effort Plaintiffs' counsel expended for his client in finding and obtaining the settlement agreement[.]" [*Id.*, pp. 8-10].

Upon completion of briefing, Magistrate Judge Ritter denied EDi's Motion. [*See generally* Doc. 161]. Pertinent here, Magistrate Judge Ritter recited the "good cause" standard under the Federal and Local Rules of Civil Procedure, as EDi was required to demonstrate good cause to file its Motion over two years after the discovery requests it sought to enforce were served. As Magistrate Judge Ritter stated: "[i]n practice, [good cause] requires the movant to show the scheduling deadlines cannot be met despite the movant's diligent efforts." [Doc. 161, p. 5 (quoting *Tesone v. Empire Mktg. Strategies*, ___ F.3d ____, 2019 WL 5850395, at *4 (10th Cir. Nov. 8,

2019)]. Thus, Courts must "focus [on] the relative diligence of the lawyer who seeks the change." *Id.* at *4 (cited authority and internal alterations omitted). Magistrate Judge Ritter further explained that if EDi successfully established good cause, it was still required to show excusable neglect for failing to move to reopen discovery before the deadline expired. [*See id.*, p. 6 (citing Fed. R. Civ. P. 6(b)(1)(B) ("[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired if the party failed to act because of excusable neglect.")]. As he explained, "inadvertence, ignorance of the rules, or mistakes concerning the rules do not usually constitute 'excusable' neglect[.]" [*Id.*]. "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395.

As Magistrate Judge Ritter then explained, assuming that EDi established excusable neglect, it was still required to show cause to reopen discovery, meaning it had to show that "it [could not] reasonably [meet the discovery deadline] despite the diligence of the party seeking the extension." *People's Trust Federal Credit Union v. National Credit Union Administration*, 350 F.Supp.3d 1129, 1142 (D.N.M. 2018) (quoting Advisory Committee Notes to Rule 16). Thus, like good cause to modify a scheduling order, "[g]ood cause [to reopen discovery] focuses on the diligence of the party seeking to modify the scheduling order[.]" *Id.* (citation omitted).

Applying these standards, Magistrate Judge Ritter found that EDi failed to establish good cause to extend the deadline to file a motion to compel under this Court's Local Rules. *See* D.N.M.LR-Civ. 26.6. [*Id.*, p. 8]. Alternatively, Magistrate Judge Ritter found that EDi failed to show good cause to extend the discovery motions deadline imposed by the most recent scheduling order. [*Id.*, pp. 8-9]. Finally, Magistrate Judge Ritter ruled that EDi failed to show good cause to reopen discovery. [*Id.*, p. 9]. Relevant here, Magistrate Judge Ritter found that EDi was on notice

of ESGG's objections to producing the settlement agreement for nearly a year and a half before the amended discovery deadline of September 20, 2018. [*Id.* (citing Doc. 48)]. He further denied EDi's Motion because, while there is no trial setting in this case, at the time, the parties had briefed ESGG's motions for summary judgment and were awaiting decision from the presiding District Judge. Finally, Magistrate Judge Ritter denied to award sanctions.

**III)    EDI'S OBJECTIONS**

EDi raises three primary objections to Magistrate Judge Ritter's conclusions: 1) "good cause is not a required showing when compelling Defendant to comply with its on-going obligation to supplement discovery; 2) good cause does exist to reopen discovery; and 3) his denial of the motion is not only contrary to the rules of discovery but inconsistent with a prior order." [Doc. 162, p. 1]. EDi's primary argument in support of these objections is that Magistrate Judge Ritter's finding that the settlement agreement between ESGG and LANS could be relevant to EDi's claims and was, therefore, discoverable, imposed a duty upon ESGG to supplement its answers and responses to discovery, even those to which it lodge an unchallenged objection. [*Id.*, pp. 6-8]. EDi then argues that good cause exists to reopen discovery, raising arguments that were largely absent from its original Motion and Reply Briefs. [*Compare* Docs. 145, 148 and 162]. Finally, EDi posits that ESGG and its counsel's alleged discovery misconduct was egregious enough to waive any privilege objections ESGG could raise and should be the subject of sanctions. [Doc. 162, pp. 10-13].

ESGG filed a Response in support of Magistrate Judge Ritter's Order, arguing that his findings are not clearly erroneous and his conclusions are not contrary to law. [*See* Doc. 165, pp. 3-14]. ESGG further denied its alleged waiver of any discovery objections based on privilege and asked this Court to forego entering sanctions as unwarranted. [*Id.*].

IV) **ANALYSIS**

The Court has carefully reviewed Magistrate Judge Ritter's Memorandum Opinion and Order and EDi's objections to it. The Court agrees with ESGG that Magistrate Judge Ritter applied the correct legal standards when concluding that EDi was required to show good cause to reopen discovery to pursue a line of questioning that was objected to over a year prior to the discovery deadline or file a motion to compel based on the same alleged misconduct. Thus, because EDi has failed to show that Magistrate Judge Ritter applied an incorrect legal standard or otherwise erred when deciding its Motion, the Court must affirm Magistrate Judge Ritter's rulings under the provisions of 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

V) **CONCLUSION**

Wherefore, EDi's objections to Magistrate Judge Ritter's Order [Doc. 162] are **overruled**, and Magistrate Judge Ritter's Order is **affirmed**. EDi's Motion to Stay [Doc. 178] is **denied as moot**.

SO ORDERED.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE