IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
a New Mexico corporation,

      Plaintiff,

v.                                                             CV 16-1056 KWR/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

      Defendant.

# **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant EnergySolutions Government Group, Inc.'s ("ESGG's") Motion for Sanctions Against Plaintiff Environmental Dimensions, Inc. ("EDi") and its Counsel. [Doc. 149]. ESGG asks this Court to find that EDi breached the Confidentiality Order entered early in this case by divulging the general terms of a settlement agreement between ESGG and the National Nuclear Security Administration/Department of Energy ("the government") in publicly-available filings despite that it was produced subject to an "attorney eyes only" ("AEO") designation by both ESGG and the government. [*See generally id.*]. If a breach is found, ESGG asks the Court to sanction EDi by requiring it to pay attorneys' fees, and to seal or strike EDi's two offending briefs. [*Id.*, pp. 10-11]. Having studied the confidentiality order and considered EDi's Response [Doc. 152] and ESGG's Reply [Doc. 154], the Court concludes that EDi breached the Confidentiality Order through its counsel's actions and so **grants** the Motion.

**I)**       **BACKGROUND**

This case arises from the parties' relationship as prime and subcontractor to a contract with the government directed at the management, treatment and packaging of radioactive waste at Los Alamos National Laboratory. [*See generally* Doc. 1-1, p. 4]. Pertinent here, ESGG's relationship with the government under the prior contract resulted in a settlement agreement that EDi believes proves ESGG's liability for losses it sustained while acting as the prime contractor under the subsequent contract. [*Id.*, p. 9].[1] During discovery, EDi attempted to obtain that settlement agreement with little success. [*See generally* Docs. 73, 76]. However, ESGG finally produced it subject to the parties' Confidentiality Order (AEO) after the Court denied its Motion to Quash EDi's subpoenas to the government seeking the agreement. [*See generally* Doc. 138]. The next day, DOE and NNSA disclosed the agreement to EDi, subject to the same AEO designation under the Confidentiality Order. [Doc. 141-2]. ESGG then moved this Court to enforce its designation under the Confidentiality Order, relief that this Court granted on November 13, 2019. [*See* Doc. 159].

The Court granted ESGG a protective order and enforced its AEO designation because it found: (A) ESGG had standing to seek enforcement of the AEO designation as a party to this case and signatory to the agreement; (B) the settlement agreement and its terms were properly designated AEO by ESGG; and, (C) the designation applies to the entire agreement. [*Id.* at 5-8]. However, the Court denied ESGG the attorney's fees it requested, finding that EDi's opposition was substantially justified considering the nuanced question presented. [*Id.*]. The Court's hesitance to sanction EDi turned primarily on the nature of the question presented: whether the agreement was subject to the Confidentiality Order in light of the Order requiring its disclosure. Deciding that

---

[1] All that remains pending are ESGG's damages claims on its counterclaims against EDi. [*See* Doc. 190].

question necessarily required the Court to review and construe the Confidentiality Order it entered on October 4, 2017. [*See* Doc. 37].

Under the Confidentiality Order a party can designate practically any document it produces, whether formally or informally, as "confidential" or "confidential - AEO". [*Id.*, p. 1]. Once a document is so designated, its contents must be kept confidential and restricted to certain "qualified recipients." [*Id.*, pp. 7-10]. Relevant here, if a receiving party wishes to include designated material in a filing, the filing must be sealed. [*Id.*, p. 10]. Any party may challenge a producer's designation via a procedure laid out in the Order; however, the objecting party may not disclose the designated material until the Court resolves the objection or an agreement is reached. [*Id.*, pp. 12-13].

While its motion for a protective order was pending, ESGG filed the instant motion, pointing out that EDi referenced the general terms of the settlement agreement in publicly filed documents before the Court ruled whether it was properly designated AEO. [Doc. 149]. As relief, ESGG asks the Court to strike or seal EDi's offending briefs (Docs. 142 and 145), admonish EDi and its counsel against further public disclosures, and award ESGG attorney's fees "in an amount to discourage EDi from further prohibited disclosures, but in no event less than ESGG's attorney's fees associated with filing [its] motion." [Doc. 149, pp. 10-11].

EDi's Response does not deny that it made general statements about the terms of the settlement agreement as argued by ESGG. [Doc. 152, p. 1]. Instead, EDi argues that its disclosures did not violate the confidentiality order because "[t]he simple fact of the existence of a settlement agreement begets (sic) consideration paid or given to the aggrieved party by the transgressor." [*Id.*, pp. 1, 5]. It also argues that the Court's determination that the agreement is relevant for discovery purposes renders the confidentiality order inapplicable. [*Id.*, p. 2]. Further, EDi contends that

ESGG's Motion should be granted as a matter of procedure, because it failed to confer before filing the Motion as required by this district's Local Rules. [*Id.*, p. 2]. EDi therefore asks the Court to deny ESGG's Motion and find no breach of the confidentiality order; or, if it concludes a breach occurred, limit sanctions to sealing the offending briefs. [*Id.*, p. 7].

ESGG's Reply points out that pending a decision on its motion for a protective order (which examined the propriety of ESGG's AEO designation) EDi was *required* to maintain the confidentiality of the settlement agreement under the plain language of the confidentiality order. [Doc. 154, pp. 2-3]. ESGG also provides evidence that it conferred with EDi before filing the instant Motion, refuting its position that the Motion should be denied on technical grounds. [*Id.*, p. 6-8, Exhibit A].

II)     **LEGAL STANDARDS**

"Federal district courts have broad discretion over discovery." *Clower v. GEICO Ins.*, CV 12-0472 JB/WDS, 2013 WL 1897832, at *6 (D.N.M. Apr. 16, 2013) (Browning, J.). As with all the Federal Rules of Civil Procedure, the discovery rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Protective orders serve the vital function of securing the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant." *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1272 (10th Cir. 2010) (quoted authority omitted). "As long as a protective order remains in effect, the court that entered the order retains the power to modify it[.]" *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). By extension, the court that entered the protective order has the power to construe and enforce it. "The modification of a

protective order, like its original entry, is left to the sound discretion of the district court." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008).

The starting point for interpretation of a confidentiality order lies in its plain language. *See S.E.C.*, 600 F.3d at 1271. If a protective order is granted, Rule 37(a)(5) applies to the award of expenses. Fed. R. Civ. P. 26(c)(3). Under Rule 37(a)(5)(A), the Court must award expenses against the nonmoving party to a discovery dispute, or its attorney, unless the nonmovant's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied the Court instead must award expenses against the movant. Fed. R. Civ. P. 37(a)(5)(B). If a motion to compel or for protective order is granted in part and denied in part, the Court may apportion the parties' reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). Thus, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, Federal Practice and Procedure (3d ed. 2010), § 2288, n.17), unless the losing position was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5.

**III)   ANALYSIS**

The task before the Court is straightforward. As stated, the Court has already concluded in a separate order that ESGG's designation of the settlement agreement as AEO was proper, and, even if it hadn't, the Confidentiality Order requires a party challenging the AEO designation to maintain the confidentiality of the document at issue until the Court issues a ruling on the dispute by, at a minimum, filing its briefing under seal. Here, EDi does not deny that it disclosed the general terms of the settlement agreement in two public filings before the Court had an opportunity to resolve the dispute. Therefore, EDi violated the confidentiality order's plain terms, thereby breaching it.

EDi's position that its statements in its filings do not violate the Confidentiality Order because they are vague is rejected. The Court disagrees that the mere existence of settlement agreement communicates any of its terms (including that consideration was exchanged), as many agreements include disclaimers of liability in exchanged for payment. Thus, while some settlement agreements could ostensibly provide insight to the parties' reasons for settling a particular claim or claims, many others do not. This point is further illustrated by EDi's incorrect statement that a settlement agreement "begets" the consideration exchanged. To "beget" in this context means to cause or "result in."[2] Contrary to EDi's statement, the existence of the elements of contract formation (including consideration) beget (or result in) the formation of a contract (like a settlement agreement) not the other way around.

Finally, EDi does not argue that its actions were substantially justified. Instead, it argues that the Confidentiality Order contains no provision for sanctions, rendering the Court powerless to remedy EDi's violation of an order it agreed to. [Doc. 152, p. 3]. Having carefully studied the Federal Rules of Civil Procedure, the Court concludes otherwise. The discovery rules would be rendered meaningless if parties could stipulate to an order restricting the use of sensitive material produced during discovery and then flout their obligations thereunder. To the extent that the Confidentiality Order omitted (inadvertently or otherwise) the consequences for disclosure, the Court finds that the discovery rules and their sanctions provisions provide a relevant template for remedying blatant disregard of a Confidentiality Order.

---

[2] https://www.merriam-webster.com/dictionary/beget (accessed May 30, 2020).

## IV) <u>**CONCLUSION**</u>

In sum, ESGG's Motion for Sanctions for EDi's violation of the Confidentiality Order must be granted because EDi disclosed the general terms of the settlement agreement between ESGG and the government in a public filing before the Court could rule on the designation.

Therefore, the Court will grant ESGG the relief it requests. The Clerk of this district is directed to seal the offending briefs (Docs. 142 and 145). The Court will also award sanctions against EDi and its counsel jointly because EDi's opposition to ESGG's requests to keep the settlement agreement confidential was not substantially justified. ESGG is therefore directed to file a motion seeking its fees with supporting argument and documentation within 30 days of the entry of this Order explaining the basis for the monetary sanctions it wishes the Court to impose and the amount requested. EDi may respond as permitted by the Local Rules.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE