# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,

    Plaintiff,

v.                                                                        No. 1:16-cv-1056-KWR-JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.),

    Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR PRE-JUDGMENT AND POST-JUDGMENT INTEREST

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Pre-Judgment and Post-Judgment Interest, filed November 20, 2020 **(Doc. 206)**. Having considered the parties' submissions and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is **GRANTED**.

### BACKGROUND[1]

The claims arise from a dispute involving a nuclear waste remediation project the parties worked on together at Los Alamos National Lab ("LANL"). The facts of the case have been extensively outlined by the Court in several prior Memorandum and Opinion Orders and need not be restated in their entirety here. *See* **Docs. 167, 168, 188, 196, 202, and 215.** Relevant to the instant motion, Defendant, a subcontractor of Plaintiff's, carried out work authorized by Plaintiff, after which Defendant submitted six invoices dating from March 10 - August 11, 2015 amounting

---

[1] The Court incorporates the following factual background from findings in its preceding MOO's, which are taken largely from undisputed facts cited by Defendant and supported in the record. *See* Docs. 167, 168, 188, 202 and 215.

to $1,041,531.74,[2] for which it was not paid, although Plaintiff submitted invoices to Los Alamos National Security, LLC (LANS) for the same work and received payment.

### RELEVANT PROCEDURAL HISTORY

On February 11, 2020, the undersigned granted Defendant's motion for summary judgment on Plaintiff's claims for breach of contract and fraud, and on February 14, 2020, granted Defendant's motion for partial summary judgment on Plaintiff's New Mexico Unfair Trade Practices claim, thereby disposing of Plaintiff's remaining claims. On April 30, 2020, the Court granted Defendant's Motion for Reconsideration **(Doc. 188)**, thereby granting summary judgment on Defendant's counterclaim for breach of contract and alternatively for unjust enrichment. The Court did not reach the merits of Defendant's other counterclaims. On July 6, 2020, in accordance with Defendant's status report request, the Court addressed the remaining counterclaims, ruling in Defendant's favor but deferring with respect to its counterclaim for an open account/account stated. **Doc. 196.**

On October 28, 2020 the Court granted summary judgment on Defendant's remaining counterclaim for an open account/account stated. **Doc. 202.** The Court directed the parties to file briefing within fourteen (14) days of the entry of that order on whether a jury trial is required to resolve the issue of damages. On November 11, 2020, Defendant filed briefing with the Court **(Doc. 203)** and Plaintiff, while not in compliance with the Court's directive, filed a "Notice and Statement of Plaintiff on Defendant's Counterclaim" **(Doc. 204)** to the effect that the company no

---

2 Defendant's invoices originally amounted to $1,057,354.63, however, invoice 41537, which Defendant invoiced for $281,011.44, was only approved for $265,188.55, thereby resulting in an outstanding balance of $1,041,531.74. **Doc. 206 at 5, fn 4.**

2

longer exists and has no assets[3]. Following requisite briefing, the Court decided to treat Defendant's brief **(Doc. 203)** as a motion for summary judgment on damages. On December 31, 2020, the Court granted Defendant's motion for summary judgment on damages in the amount of $1,041,531.74. **Doc. 215.**

## DISCUSSION

### I.     Pre-Judgment Interest

Defendant seeks an award of pre-judgment interest under NMSA 1978, § 56-8-3.[4] State law governs prejudgment interest. *Stonebridge Life Ins. Co. v. Garcia*, No. CV 10-582 MV/DJS, 2011 U.S. Dist. LEXIS 161269, 2011 WL 13112576, at *5 (D.N.M. Sept. 28, 2011). The purpose of an award of prejudgment interest under NMSA 1978 §56-8-3 is to compensate a plaintiff for the lost opportunity to use the money owed between the time the [party's] claim accrued and the time of judgment. *Sunwest Bank of Albuquerque, N.A. v. Colucci*, 1994- NMSC 027, ¶ 18, 117 N.M. 373, 377, 872 P.2d 346, 350 (1994).

Under the statute, prejudgment interest may be awarded "on money received to the use of another and retained without the owner's consent." NMSA 1978 §56-8-3(B). Although prejudgment interest may be awarded in a federal case, it is generally not recoverable as a matter of right and a court uses its discretion to determine whether an award of prejudgment interest would serve to compensate the injured party. *U.S. Indus., Inc. v. Touche Ross & Co.*, 854 F.2d

---

3 In its Response Brief to the instant motion, Plaintiff requests the Court consider that it is "now a defunct company with no assets…" **Doc. 209 at 3**.

4 Defendant states that it does not seek prejudgment interest under § 56-8-4(B), which grants the court discretion to allow interest "up to ten percent from the date of the complaint" after considering, among other things, (1) "if the plaintiff was the cause of unreasonable delay in the adjudication of the plaintiff's claims," and (2) "if the defendant had previously made a reasonable and timely offer of settlement to the plaintiff." NMSA 1978, § 56-8-4(B); *see also Sunwest Bank, N.A.*, 1994-NMSC-027, ¶ 17.

1223, 1257 (10th Cir.1988) (overruled on other grounds by *Anixter v. Home–Stake Prod. Co.*, 77 F.3d 1215, 1231 (10th Cir. 1996)). Where, however, the amount owed is fixed and ascertainable, prejudgment interest is awarded as a matter of right, "absent peculiar circumstances." *Sunwest Bank of Albuquerque, N.A. v. Colucci*, 1994-NMSC-027, ¶ 20; *see State ex rel. Bob Davis Masonry, Inc. v. Safeco Ins. Co. of Am.*, 1994-NMSC-106, ¶ 5, 118 N.M. 558, 560, 883 P.2d 144, 146 (noting that § 56-8-3 "allows prejudgment interest in cases proving money due by contract). If the amount owed is not fixed and ascertainable, prejudgment interest may be awarded at the court's discretion. *Taylor v. Allegretto*, 1994-NMSC-081, ¶ 9, 118 N.M. 85, 87–88, 879 P.2d 86, 88–89.

### **Plaintiff's Objections are without Merit**

Plaintiff applies its objections equally to Defendant's request for pre- and post-judgment interest. Plaintiff first contends that the imposition of pre-judgment and post-judgment interest is improper because the issue of Defendant's entitlement to interest is "controlled by the Federal Acquisition Regulations (FAR) and not state contracting law as alleged by Defendant," specifically, § 52.233-1(h). **Doc. 209 at 3-4.** Plaintiff next contends that even if the Court were to accept Defendant's position that state law applies, no interest is due because Defendant was the first party to breach the underlying contract. *Id.* **at 4.** Lastly, Plaintiff argues that Defendant has not proven, as it must, that Plaintiff ever received and retained monies from LANS for the relevant invoices. *Id.* The Court rejects these baseless arguments as without merit or citation to case law.

As an initial matter, the Court need not say more than the FAR is inapplicable to the instant matter. Plaintiff did not cite to any law providing that those regulations apply. Nor does § 52.233(1) address pre- or post-judgment interest. Additionally, the Court finds Plaintiff's second and third

4

arguments incomprehensible as the Court has repeatedly determined that it was Plaintiff, not Defendant, who breached the contract and that Plaintiff did in fact, as expressly admitted to by Plaintiff's Vice President Michael Bradshaw, invoice and collect payment from LANS for these projects. *See* **Docs. 167, 168, 188, 196, 202**. The Court is wholly unconvinced by Plaintiff's repeated, conclusory efforts to relitigate the action, notably absent citation to relevant case law. Accordingly, all that is left for the Court is to apply the requisite standards to determine Defendant's entitlement to pre- and post-judgment interest.

### **Defendant is entitled to prejudgment interest at a rate of 15% annually**

Here, the amount due is readily ascertainable under the six billing invoices sent to Plaintiff, as depicted in the following chart taken from Defendant's brief:

| **Invoice Number** | **Invoice Date** | **Performance Period** | **Amount** |
|---|---|---|---|
| 40007 | March 10, 2015 | February 2015 | $291,639.67 |
| 40760 | April 13, 2015 | March 2015 | $297,806.54 |
| 41537 | May 18, 2015 | April 2015 | $265,188.55 |
| 42117 | June 17, 2015 | May 2015 | $144,810.86 |
| 42619 | July 14, 2015 | June 2015 | $41,989.05 |
| 43152 | August 11, 2015 | July 2015 | $97.07 |
| | | | Total: $1,041,531.74 |

**Doc. 206 at 5.**

The Court approves Defendant's request for an award of prejudgment interest at the rate of 15% per year, calculated from the date of each outstanding invoice, which is the maximum rate allowed on money due by contract and on money due upon the settlement of matured accounts from the day the balance is ascertained under §56-8-3(A), (C). *See Sunwest Bank of Albuquerque, N.A. v. Colucci,* 1994-NMSC-027, ¶ 24 ("In many—perhaps most—cases, the claimant will be entitled to prejudgment interest at the fifteen-percent rate; and many of our cases have held that

5

prejudgment interest, in the particular cases, was to be awarded 'at the statutory rate.' ").

## II. Post-Judgment Interest

Defendant requests post-judgment interest under the federal post-judgment statute, 28 U.S.C. § 1961. The statute provides that:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court… Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.

28 U.S.C. § 1961(a).

An award of post-judgment is mandatory, and interest "shall be computed daily to the date of payment . . . and shall be compounded annually." § 1961(b); *Bancamerica Commercial Corp. v. Mosher Steel of Kansas, Inc.*, 103 F.3d 80, 81 (10th Cir. 1996); *See Boston Old Colony Ins. Co. et al v. Tiner Assoc., Inc., et al.*, 288 F.3d 222, 223 (5th Cir. 2002) (post-judgment interest is calculated at the federal rate, while prejudgment interest is calculated under state law). As previously discussed, Plaintiff has not advanced valid objections to the imposition of any pre- or post-judgment interest. The Court concludes that Defendant is entitled to post-judgment interest at the statutory rate in effect when the Judgment is entered by the Court, to accrue from the date the Court enters the Order of Judgment. *See Grimsley v. MacKay*, 93 F.3d 676, 678 (10th Cir. 1996) (Post-judgment interest automatically accrues from the date of judgment even absent an express statutory provision so providing or express inclusion in the judgment itself). In addition, Defendant is entitled to post-judgment interest on the prejudgment interest award. *See Kelley v. City of Albuquerque*, 2006 U.S. Dist. LEXIS 28782, 2006 WL 1305038, at *3 (D.N.M. Apr. 12, 2006) ("[T]he monetary award upon which postjudgment interest should accrue is the entire award

granted by the district court, including the forthcoming award of prejudgment interest.") (citing *Bancamerica Commer. Corp. v. Mosher Steel*, 103 F.3d at 82.

## III. Conclusion

The Court finds that Defendant is entitled to pre-judgment interest in the amount of fifteen percent (15%) per annum from the date on which the unpaid invoices were due up to the date of judgment. Defendant is also entitled to an award of post-judgment interest at the statutory rate in effect when the Judgment is entered by the Court, to accrue from the date the Court enters the Order of Judgment, as well as post-judgment interest on the pre-judgment interest award. The Court will have the parties submit a proposed judgment after the remaining motions are ruled upon. Upon receipt of that information the Court will enter a final Judgment.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Pre-Judgment and Post-Judgment Interest **(Doc. 206)** is hereby **GRANTED**.

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**