IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
a New Mexico corporation,

      Plaintiff,

v.                                                   CV 16-1056 KWR/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant EnergySolutions Government Group, Inc.'s ("ESGG's") Motion for Attorneys' Fees and Monetary Sanctions Associated with Motion for Sanctions [Doc. 195], filed pursuant to this Court's Memorandum Opinion and Order granting ESGG's Motion for Sanctions Against Plaintiff Environmental Dimensions, Inc. ("EDi") and its Counsel. [Docs. 149, 191]. EDi responded and ESGG replied. [Docs. 197, 199]. Having considered the arguments raised, the Court **grants** ESGG's Motion **in part** and orders EDi and its counsel to pay **$5,920.50** in attorneys' fees to ESGG.

## I.    BACKGROUND

During discovery, EDi attempted to obtain a settlement agreement between ESGG and the government with little success. [*See generally* Docs. 73, 76]. However, ESGG finally produced the agreement subject to the parties' Confidentiality Order, Attorneys' Eyes Only (AEO), after the Court denied its Motion to Quash EDi's subpoenas to the government seeking the agreement. [*See generally* Doc. 138]. The next day, DOE and NNSA disclosed the agreement to EDi, subject to

1

the same AEO designation under the Confidentiality Order. [Doc. 141-2]. ESGG then moved this Court to enforce its designation under the Confidentiality Order, relief that this Court granted on November 13, 2019. [*See* Doc. 159]. However, the Court denied ESGG the attorney's fees it requested at that time, finding that EDi's opposition was substantially justified considering the nuanced question presented. [*Id.*].

Meanwhile, EDi's counsel made three disclosures of the general terms of the settlement agreement in public filings. [Doc. 142, p. 1; Doc. 145, p. 5; Doc. 145-3]. This plainly violated the Confidentiality Order, which states that where there is a dispute as to a designation, no party may disclose the designated material until the Court resolves the objection or an agreement is reached. [Doc. 37, pp. 12-13; Doc. 191, pp. 5-6]. The Court thus granted ESGG's motion for sanctions, ordered the offending filings sealed, and granted monetary sanctions against EDi and its counsel jointly in an amount to be determined after further briefing. [Doc. 191, p. 7].

ESGG then filed the present Motion seeking $5,920.50 in attorneys' fees associated with the filing of its motion for sanctions plus additional sanctions of $5,000 to $10,000 to be paid jointly and severally by EDi and its counsel as a deterrent from future disclosures in violation of the Confidentiality Order. [*See generally* Docs. 195, 195-1 (Affidavit of James Barnett)]. EDi's response argues that the Court has no authority to sanction its violation of the Confidentiality Order [Doc. 37] because it has not breached the order since the Court enforced ESGG's AEO confidentiality designation on November 13, 2019, [Doc. 197 (citing Doc. 159)], *i.e.*, there was no enforceable discovery order under Federal Rule of Civil Procedure Rule 37. [Doc. 197, pp. 2-3]. EDi also reargues the merits of the Court's Order awarding sanctions (Doc. 191), positing that its disclosures were only general, and that the disclosures were justified because the Court found EDi's opposition to ESGG's Motion to enforce its AEO designation to be substantially justified.

[Doc. 197, pp. 3, 5].[1] Finally, EDi takes issue with the billing entries of ESGG's counsel, arguing that the "block" entries used are not specific or reviewable, that internal communications between lawyers are not billable, and that counsel should not bill for filing, as opposed to drafting, the reply. [Doc. 197, pp. 4-5].

ESGG's Reply brief argues against EDi's attempt to relitigate the merits of the Court's Order awarding sanctions, but also refutes EDi's position. [*See* Doc. 199]. For example, ESGG points out that the Confidentiality Order was in effect when EDi disclosed the terms of the settlement agreement (and will remain in effect even after judgment is entered), which is all the authority the Court needs to enter sanctions. [Doc. 199, p. 2]. ESGG also provides support for its position that EDi's disclosures, in public filings, were prejudicial. [Doc. 199, pp. 3-5]. ESGG defends its billing by pointing out that having multiple lawyers from the same firm working on a case can be more cost effective to a client even if internal communications are required, and clarifying that counsel only drafted – and did not actually file – the brief. [Doc. 199, pp. 6-7].

## II.   <u>CONTROLLING LAW</u>

"Federal district courts have broad discretion over discovery." *Clower v. GEICO Ins.*, CV 12-0472 JB/WDS, 2013 WL 1897832, at *6 (D.N.M. Apr. 16, 2013) (Browning, J.). "Protective orders serve the vital function of securing the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant." *S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1272 (10th Cir. 2010) (quoted authority

---

[1] EDi incorrectly states: "the general reference to provisions in those two documents were not done with an improper purpose, but as this Court stated, justified in light of the prior Court's Order. (Doc. 159)." [Doc. 197, p. 3]. The Court never stated that the disclosures were justified and, in fact, found to the contrary. [Doc. 191, p. 6 (Stating that EDi's disregard of the Confidentiality Order was "blatant".)]. The Court's refusal to award attorney fees to ESGG when it moved to enforce the confidentiality designation was not premised on EDi's alleged justified disclosure of confidential information – which plainly violates the confidentiality order. Rather, the Court declined to award fees because it found that EDi's response in opposition to ESGG's motion to enforce was, itself, substantially justified. EDi's actions, and the Court's responses to those actions, were and are distinct.

omitted). "As long as a protective order remains in effect, the court that entered the order retains the power to modify it[.]" *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). Stipulated confidentiality orders have the same effect as protective orders entered under Rule 26(c) insofar as a court can prevent the disclosure of information, limit disclosure, or require that confidential commercial information not be revealed, for good cause shown. Fed. R. Civ. P. 26(c)(1)(A), (D), (G).

If a protective order is granted, Rule 37(a)(5) applies to the award of expenses. Fed. R. Civ. P. 26(c)(3). Rule 37(a)(5)(A) requires the Court to award expenses against the nonmoving party to a discovery dispute, or its attorney, unless the nonmovant's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). Thus, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, Federal Practice and Procedure (3d ed. 2010), § 2288, n.17), unless the losing position was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5. Additionally, the Court may compensate a party aggrieved by its opponent's violation of a discovery-related order. Fed. R. Civ. P. 37(b)(2)(C).

Sanctions imposed pursuant to civil procedures must be compensatory rather than punitive, *see Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017), unless contemptuous conduct is shown.[2] *See Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 682 (10th Cir. 2012); *see also Law v. Nat'l Collegiate Athletic Ass'n*, 134 F.3d 1438 (10th Cir.1998). "In other words, the fee award may go no further than to redress the wronged

---

[2] As a United States' Magistrate Judge, this Court may not enter a finding of civil contempt. *See* 28 U.S.C. § 636(e). Instead, the undersigned may only certify factual circumstances which would support a finding of contempt for a District Judge's consideration. *See* 28 U.S.C. § 636(e)(6). The presiding District judge will then hear the evidence and, if warranted, enter appropriate sanctions in the same manner and to the same extent as if the contempt occurred in his presence. *Id.*

party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017) (quoted authority omitted). "A fee award is so calibrated if it covers the legal bills that the litigation abuse occasioned." *Id.* "That kind of causal connection … is appropriately framed as a but-for test: [t]he complaining party … may recover only the portion of his fees that he would not have paid but for the misconduct. *Id.* at 1187.

> This but-for causation standard generally demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment.... [T]rial courts undertaking that task "need not, and indeed should not, become green-eyeshade accountants" (or whatever the contemporary equivalent is).... The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection.[] Accordingly, a district court may take into account its overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.

*Id.*

Though the Court may use its reasoned discretion, it is up to the application for fees to "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted); *see Diaz v. Metzgar*, 2014 WL 12782782 at *7 (D.N.M. 2014) ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.") (quoting *Mares v. Credit Bureau of Raton*, 801 F. 2d 1197, 1201 (10th Cir. 1986)). The Court will then reach a "lodestar figure," which is the product of reasonable hours expended times a reasonable hourly rate. *See Mares*, 801 F. 2d at 1201. "The setting of a reasonable hourly rate is within the district court's discretion…. [and] [h]ourly rates must reflect the prevailing market rates in the relevant community." *Jane L.*, 61 F.3d at 1510 (citation omitted).

An applicant lawyer must keep "meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citation

omitted); *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1252 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). This concept is particularly apt "where a party is seeking to have his opponent pay for his own lawyer's work." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998). The lawyer's billing statement should "include the specific amounts of time allocated to each individual task." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Jane L.*, 61 F.3d at 1510 (citation omitted); *see Case*, 157 F.3d at 1252 (declining to award fees where the party failed to establish that an attorney's work was reasonably necessary to their case and because her billing statements were "not clear.").

"A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares*, 801 F. 2d at 1203 (citations omitted); *Case*, 157 F.3d at 1252. As examples, the *Mares* court pointed to cases in which the Supreme Court reduced hours to account for a lawyer's lack of experience, for a failure to keep contemporaneous time records, and for unreasonable, unproductive or excessive time. *Mares*, 801 F. 2d at 1203 (citations omitted).

Once the Court has adequate time records before it, it must ensure that the winning attorneys have exercised "billing judgment," which "consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. As the Supreme Court has stated, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary*[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoted authority omitted) (emphasis in original); *see also Mares*, 801 F. 2d at 1204 (fee awards "were not designed as a form

of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.") (quoted authority omitted). Thus, it is not proper to bill for every hour logged where adjustments should be made for lack of experience or conducting general research. *See Mares*, 801 F. 2d at 1204 (citations omitted). A "district court may also reduce the reasonable hours awarded if 'the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative.'" *Case*, 157 F.3d at 1250 (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)).

### III.   <u>ANALYSIS</u>

On these facts, the Court has the authority to compensate ESGG under the discovery rules. However, it is not permitted to award fees to punish EDi. Therefore, the Court grants ESGG the fees it incurred in litigating the Motion for Sanctions but denies further relied.

### A) **The Court has the authority to compensate ESGG for EDi's counsel's misconduct under Rules 26 and 37.**

The Court is empowered to shift fees where it enters a protective order under Rule 26(c), after litigation of a discovery dispute under Rule 37(a)(5), and where a party violates a discovery order resulting in the accrual of reasonable fees under Rule 37(b)(2). All three occurred here. By granting ESGG's Motion, the Court entered a protective order under Rule 26(c), triggering Rule 37(a)(5)(A)'s fee-shifting provision. By granting ESGG's Motion for discovery-related sanctions under the Confidentiality Order, the Court triggered Rule 37(a)(5) because EDi's disclosures were not substantially justified. By granting ESGG's Motion for Sanctions the Court recognized the violation of a valid order – the Confidentiality Order, which has the force and effect of any other discovery order entered under Rules 26 or 37 – triggering Rule 37(b)(2)(C).

Therefore, the Court may shift ESGG's fees to EDi and its counsel pursuant to Rule 26(c), or, alternatively, Rules 37(a) or 37(b), and EDi's objections to its authority to impose sanctions are rejected.

**B) The Court will award ESGG its reasonably compensable attorneys' fees but will not award additional, punitive, sanctions to deter future disclosures.**

Where an entitlement to attorney fees as a sanction is shown, they should be awarded. Fed. R. Civ. P. 37(a). EDi's disclosure of the terms of the settlement agreement, even generally, violated the confidentiality order and required the Court to enter a protective order (when it granted ESGG's Motion for Sanctions), [Doc. 191, p. 5]; EDi's disclosure in public documents before the Court ruled on ESGG's confidentiality designation repeated the harm. [Doc. 191, p. 5]; Fed. R. Civ. P. 37(b). Therefore, because the Court must compensate a party who has suffered prejudice as a result of unjustified discovery misconduct or the unjustified violation of a discovery order, it orders payment of ESGG's attorneys' fees resulting from the disclosures.

However, to the extent ESGG seeks punitive sanctions, its Motion is denied. ESGG has failed to show contemptuous conduct warranting punitive sanctions and does not cite the standards applicable to civil or criminal contempt, and the Court finds them unmet here.[3]

---

[3] "[W]hether a contempt is civil or criminal turns on the character and purpose of the sanction involved. Thus, a contempt sanction is considered civil if it is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court." *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821 827-28 (1994); *see also Dartez v. Peters*, 759 F. App'x 684, 689-90 (10th Cir. 2018) (unpublished) ("The distinction between civil and criminal contempt turns on the 'character and purpose' of the sanction.... Civil contempt is characterized by the court's desire to compel obedience of the court order or to compensate the litigant for injuries sustained from the disobedience.... Where an order seeks to compel obedience, the party held in contempt 'carries the keys of his prison in his own pocket' and 'can end the sentence and discharge himself at any moment by doing what he had previously refused to do....' On the other hand, the primary purpose of a criminal contempt is to punish defiance of a court's judicial authority. Accordingly, the normal beneficiaries of such an order are the courts and the public interest.... And criminal contempt sanctions are 'fixed' regardless of the contemnor's future conduct.... To this point, contempt is criminal in nature if the sanction is 'definite,' the contemnor 'is furnished no key,' and the contemnor cannot lessen the sanction 'by promising not to repeat the offense....' Finally, a contempt sanction imposed after the contemnor disobeys a court order is criminal in nature if it does not 'undo or remedy what has been done, nor afford any compensation for the pecuniary injury caused by the disobedience.'") (quoted cases omitted).

**C) The amount of fees requested by ESGG is reasonable, and its billing entries are specific enough to permit review.**

As noted, the Court reaches a reasonable fee total by multiplying the hours billed with a reasonable hourly rate. Having performed its independent review of ESGG's billings, the Court overrules EDi's objections and awards the full amount requested.

As ESGG recognizes, the Court previously determined that $350/hour is reasonable for attorney James Barnett and $220/hour is reasonable for attorney Elizabeth Rudolf, and Mr. Barnett's affidavit established the reasonableness of the $295/hour rate requested by attorney Julia Broggi. EDi does not argue against these rates and the Court adopts them here.

As to the hours billed, the Court agrees with ESGG that prohibiting the practice of billing for communications between co-counsel "is divorced from law firm reality – routinely it is most efficient and cost effective for an associate to prepare and draft briefing and have a partner review. This arrangement necessitates some internal communication and remains more cost effective than a higher-billing partner completing all of the work." [Doc. 199, p. 6]. The Court's duty is to ensure reasonableness in billing, not to dictate a firm's choice of how to best represent a client. Additionally, the Court's review of the time entries billed by ESGG's attorneys reveals that they are reasonable in specificity. Requiring more would impose a level of detail on lawyers who seek fee awards that is unreasonable to expect where the entries reasonably indicate what was worked on, by whom, and when.

**D) Lodestar Calculation**

James Barnett ($350/hour) * (5.9 hours) = $2,065.00

Elizabeth Rudolf ($220/hour) * (7.2 hours) = $1,584.00

Julia Broggi ($295/hour) * (7.7 hours) = $2,271.50

**Total: $5,920.50**

**IV.    CONCLUSION AND ORDER**

The Court finds that ESGG is entitled to compensatory fees for EDi's discovery-related violations of the Confidentiality Order and so **grants** its Motion [Doc. 195] **in part**. EDi and its counsel are jointly ordered to pay **$5,920.50** to ESGG within 60 days of the entry of this Order. All further relief sought by the parties is **denied**.

SO ORDERED.

JERRY H. RITTER
U.S. MAGISTRATE JUDGE