IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,

    Plaintiff,

v.                                                                                             No. 1:16-cv-1056-KWR-JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.),

    Defendant.

## MEMORANDUM OPINION AND ORDER

Defendant filed the instant "Affidavit of James L. Barnett in Support of Attorneys' Fees for ESGG's Claim for Open Account" (**Doc. 222**) on April 2, 2021, pursuant to the Court's directive in its Memorandum Opinion and Order Granting in Part and Denying in Part Defendant's Motion for Attorney's Fees **(Doc. 220)**. Having reviewed the affidavit and the applicable law, the Court finds Defendant's request for attorneys' fees is reasonable and, therefore, is **GRANTED**.

### BACKGROUND

**I.     Affidavit of James L. Barnett**

Barnett attests that he is a partner at the law firm of Holland & Hart LLP, attorneys for Defendant, and that he and two associates, Elizabeth Rudolph, and Julia Broggi, cooperated in litigating this matter. **Doc. 222 at ¶¶ 3-6.** Barnett attests that he has reviewed the time spent by himself and these associates "to bring and prevail on [Defendant's] claim for open account against Plaintiff…" *Id*. **at ¶ 10.** He attests that, in a prior Memorandum and Opinion Order (**Doc. 221 at 9**), Judge Ritter determined that $350/hour for Barnett, $220/hour for Rudolph, and $295/hour for Broggi were reasonable fee rates, and that he therefore has applied the same rates in the instant

request for attorneys' fees. **Doc. 222. at ¶ 9.** Plaintiff did not argue against these rates in the prior Memorandum or in the instant matter. Accordingly, the Court adopts them here.

Plaintiff did not respond or object to this matter and pursuant to the Court's local rules, this matter is therefore unopposed.  D.N.M. LR-Civ. 7.1(b).

## DISCUSSION

Defendant requests a total amount of $143,687.50 in attorney's fees. *Id.* **at ¶ 11**  This cost is broken down as follows:

| Attorneys | Hours | Amount |
| --- | --- | --- |
| James L. Barnett | 139.50 | $48,825.00 |
| Elizabeth A. Rudolf | 391.1 | $86,042.00 |
| Julia Broggi | 29.9 | $8,820.50 |
| Total Attorney Hours/Amount | 560.50 | $143,687.50 |

*Id*.

Plaintiff has not issued a Response or contested that these hours accurately reflect the time spent towards litigating Defendant's open account counterclaim. Thus, the Court will award fees in the full amount requested by Defendant.

I.      **Defendant's Attorney's Fees are Reasonable.**

Generally, to obtain attorney's fees, "a claimant must prove two elements: (1) that the claimant was the 'prevailing party' in the proceeding; and (2) that the claimant's fee request is reasonable." *Robinson v. City of Edmond,* 160 F.3d 1275, 1280 (10th Cir.1998), *quoted in Flitton v. Primary Residential Mortg., Inc.*, 614 F.3d 1173, 1176 (10th Cir. 2010); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). "[A defendant] prevails when actual relief on the merits of [its] [counter]claim materially alters the legal relationship between the parties by modifying the [plaintiff's] behavior in a way that directly

benefits the [defendant]." *Browder v. City of Moab*, 427 F.3d 717, 722 (10th Cir. 2005) (citation and quotation marks omitted).  Here, Defendant prevailed on its counterclaims.  As explained below, Defendant obtained substantial success on its counterclaims.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *see also Robinson,* 160 F.3d at 1281 ("[A] court must begin by calculating the so-called 'lodestar amount' of a fee, ... [which] is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.' ").  The party requesting attorney's fees bears the burden of proving the two components used to calculate the fee award: (1) the appropriate hourly rate and (2) the amount of hours spent on the case. *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1233 (10th Cir. 2000). Once the Court makes these two determinations, the fee "claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson*, 160 F.3d at 1281.

**A.    Hours billed were reasonably expended.**

Initially, the Court finds that the billed hours were reasonably expended in this litigation. The Court reviewed the docket and the evidence before it, including Defendant's attorneys' billing records.  **Doc. 222-1, Ex. 1.**  Barnett billed for approximately 139.50 hours in this case.  *See* **Doc. 222 at ¶ 11** ($48,825.00 divided by $350 equals 139.50 hours).  The firm's associate Rudolph billed approximately 391.1 hours.  *See **Id.*** ($86,042.00 divided by $220 equals 391.1 hours).  The other associate Broggi billed approximately 29.9 hours.  *See **Id.*** ($8,820.50 divided by $295 equals 29.9 hours).  This was an extensively litigated case, spanning over four years, and the case underwent significant motions practice before the District Court and Magistrate Judges, including multiple rounds of dispositive motions.  Barnett represents that he reduced the firm's usual fee

rates[1] in line with Judge Ritter's determination of a reasonable fee. *Id*. **at ¶ 7.** Given the complexity of the claims and the litigation before the Court, the hours expended were reasonable.  The Court finds the numbers of hours billed is in line with the litigation in this case.  The billing entries were sufficiently detailed to determine whether the billed time was reasonable.  Plaintiff did not offer any objection as to the reasonableness of the number of hours expended.

Defendant obtained a high degree of success on the majority of its substantive motions and counterclaims, successfully obtaining a damages award of $1,041,531.74, in addition to pre and post-judgment interest.  Certain aspects of Defendant's counterclaims were dismissed by the Court.  "Where a prevailing party succeeds on only some claims, the Court must consider (1) whether the [defendant's] successful and unsuccessful [counter]claims were related; and (2) whether the [defendant's] overall level of success justifies a fee award based on the hours expended by [defendant's] counsel."  *Flitton v. Primary Residential Mortg., Inc*., 614 F.3d 1173, 1176–77 (10th Cir. 2010).  The Court need not cut any fees here because the Defendant's attorney represents he reduced the fees to "isolate only the major tasks completed to prosecute," although Defendant "actually incurred more fees than requested." **Doc. 222 at ¶ 12.**  The Court finds Barnett's representation credible, and in reviewing each billing entry, the Court sees no evidence that Barnett billed for unsuccessful efforts to obtain fees on other claims.  Accordingly, the Court finds that the hours were reasonably expended.

    **B.**    **Hourly rates are reasonable and reflect prevailing market rate.**

Moreover, Barnett and his associates' hourly rates of $350, $220, and $295 respectively are reasonable and reflects the prevailing market rate in the relevant community considering the area in which Barnett and the two associates practice, as well as their respective experience and

---

[1] Barnett attests that his usual, hourly rate is 510/hour, Rudolph's is $340/hour, and Broggi's is $330/hour.

skill.  A court should generally establish an hourly rate based on what evidence shows the market commands for lawyers of comparable skill and experience practicing in the area of analogous litigation.  The hourly rates requested by counsel must reflect the prevailing market rates in the community.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

Counsel submitted billing records that he attests relate to working on Defendant's open account counterclaim amounting to a total of 560.50 hours  Plaintiff did not object or show that the hours were in fact not related to the open account claim.  Thus, the Court concludes that Defendant has established that its counsel reasonably spent a total 560.50 hours. The Court further concurs with Judge Ritter's conclusions as to the reasonable hourly rates for Defendant's attorneys. *See United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 205 F.3d 1219, 1234 (10th Cir. 2000) ("party requesting the fees bears 'the burden of showing that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation' " (citation omitted)). The Court notes that in 2018 it observed that it "has previously stated that $200.00 per hour is a 'relatively low rate' for attorneys in New Mexico." *O Centro Espirita Beneficente Uniao Do Vegetal in U.S. v. Duke*, 343 F. Supp. 3d 1050, 1087 n.14 (D.N.M. 2018). In fact, awards of hourly rates of $275.00 and higher are not atypical in this District for attorneys with 11 years or more of legal experience. *See id.* (summarizing awards of attorney rates in District of New Mexico)*; see also Rehburg v. Bob Hubbard Horse Transportation, Inc.,* 2019 WL 5653958, at *2 n.1 (D.N.M.) (same).

For the reasons stated above, Defendant's fees are reasonable.  Plaintiff has not objected to the reasonableness of this calculation. Therefore, the Court approves Defendant's requested attorneys' fees in the amount of $143,687.50. **Defendant is directed to file a proposed judgment on the docket, specifically itemizing damages and a proposed total**. Defendant shall email a

**word document detailing the same to chambers**. **Plaintiff shall have 14 days** from the date of filing of the proposed judgment to file objections to the Court.

## CONCLUSION

Defendant's requested attorney's fees are reasonable. The Court approves the requested fee award in the amount of $143,687.50.

**IT IS THEREFORE ORDERED** that Defendant's Request for Attorneys' Fees, on the basis of Barnett's Affidavit in Support of Attorneys' Fees **(Doc. 222)** is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant shall file on the docket a proposed judgment detailing the specific amounts awarded in this action and submit a word document detailing the same to chambers.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS
UNITED STATES DISTRICT JUDGE**