IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
A New Mexico Corporation,

        Plaintiff,

v.                                                              CV 16-1056 KWR/JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC. (n/k/a Atkins Energy
Government Group, Inc.), a foreign for
profit corporation,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Environmental Dimensions, Inc.'s ("EDi's") Motion for Protective Order. [Doc. 236]. EnergySolutions Government Group, Inc. ("ESGG") filed a Response and EDi opted not to reply, rendering the briefing complete. [Docs. 238, 239]; *see* D.N.M.LR-Civ. 7.1(b).[1] Having considered the parties briefs and the relevant law, the Court **denies** EDi's Motion and invites ESGG to move for its attorneys' fees in defending it.

**I.**        **BACKGROUND**

EDi was in the business of providing environmental services to the United States Department of Energy and other governmental agencies. [Doc. 1-1, p. 3]. During the relevant time period it was competing for contracts from Los Alamos National Laboratory ("LANL") which were set aside for small businesses in New Mexico. [*Id.*]. LANS awarded EDi a contract to manage, treat, and package radioactive waste the LANL facility. [*Id.*, p. 4]. Prior to the award, EDi

---

[1] ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

1

issued a contract to ESGG, the prior prime contractor to LANS, to "provide expert waste management personnel experienced in the LANS [Transuranic] Waste Program and knowledgeable of specific processes and procedures." [*Id.*]. After their relationship soured, EDi sued ESGG in New Mexico State Court. [*See* Doc. 1-1]. ESGG timely removed this matter to federal court on September 23, 2016. [*See generally* Doc. 1].

After extensive litigation, ESGG obtained a $2,144,024.67 judgment against EDi on its counterclaims with post-judgment interest accruing at $293.70 per day. [Doc. 231, p. 2]. To secure this judgment ESGG served post-judgment discovery on EDi seeking information about the financials, creditors, and relationships of EDi's principals from August 23, 2013 (the date the parties executed their subcontract agreement) to the present. [*See* Doc. 236-1, pp. 1-19]. EDi filed the present motion to protect its principals from this discovery. [*See generally* Doc. 236]. EDi states the discovery request served on it is inappropriate as it is a separate and distinct legal entity from its principals. [*Id.*, p. 3]. EDi further states that the principals – Michael Bradshaw, Patricia Bradshaw, and Kasey Properties – "should not be required to answer because the requests are not reasonably calculated to lead to assets that can be levied upon pursuant to a writ of execution in this case." [*Id.*, p. 5]. Finally, EDi states that it has already produced all the information sought in pretrial discovery and argues that any separate claims against its principals are barred. [*Id.*, pp. 3-4]. EDi requests a protective order and its attorneys' fees associated with filing the Motion. [*Id.*, p. 5].

ESGG responds that EDi failed to meet and confer before filing the Motion, which could have been remedied through subpoenas issued directly to the nonparties. [Doc. 238, p. 2]. For this reason alone, ESGG requests its attorney's fees. [*Id.*, p. 3]. ESGG argues that its discovery requests are substantively proper in aid of the executing its judgment. [*Id.*, p. 5]. And, to the extent that EDi

has already produced the relevant information, reference to the document already produced would suffice. [*Id.*, p. 7].

## II. LEGAL STANDARDS

### A. Post-Judgment Discovery and Concurrence

Rule 69 governs the execution of a judgment in federal court and states that discovery in aid of execution of a judgment proceeds "as provided in these rules." Fed. R. Civ. P. 69(a)(2). Rule 26 requires that a motion for protective order "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1).  District of New Mexico local rules emphasize the conferral requirement: Local Rule 37.1 requires motions for protective orders to comply with Local Rule 7 which requires the movant to "determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a).

### B. Post-Judgment Discovery and Protective Orders

Federal Rule 69 permits a judgment creditor to "obtain discovery from any person—including the judgment debtor—as provided" by the Federal Rules or state law. Fed. R. Civ. P. 69(a)(2). "The purpose of post-judgment discovery is to learn information relevant to the existence or transfer of the judgment debtor's assets." *Anchondo v. Anderson, Crenshaw, & Associates, L.L.C.*, 2010 WL 11493786, at *2 (D.N.M. May 10, 2010) (Brack, J.) (quoted authority omitted). Federal Rule 26 sets the scope of permissible discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

3

> expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). As with all of the Federal Rules of Civil Procedure, the discovery rules are to be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Post-judgment discovery is often necessary to transform a remedy on paper to real relief:

> The broad scope of post-judgment discovery permits a judgment creditor to discover assets of the judgment debtor upon which execution may be made. *Fed. Deposit Ins. Corp. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995). Discovery is permitted to find out about assets that have been fraudulently transferred or are otherwise beyond the reach of execution, as well as information which could reasonably lead to the discovery of concealed or fraudulently transferred assets. *See* 12 C. Wright, A. Miller, & R. Marcus, *Federal Practice and Procedure* § 3014 (2d ed. 1997).

*Anchondo*, 2010 WL 11493786, at *2. Information which could be useful and necessary to identify or locate assets subject to execution is a proper objective of post-judgment discovery. *See Fed. Deposit Ins. Corp. v. Greif*, 2020 WL 4436372, at *4 (D. Kan. Aug. 3, 2020).

All discovery has its limits and a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). The party demanding protection has the burden to show good cause for the court to act. *See Clower v. GEICO Ins.*, CV 12-0472 JB/WDS, 2013 WL 1897832, at *6 (D.N.M. Apr. 16, 2013) (Browning, J.).

### C. Attorney's Fees and Costs

"The rules should deter the abuse implicit in carrying or forcing a discovery dispute to court when no genuine dispute exists." *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673, 680 (10th Cir. 2012) (quoting 1970 committee notes to Rule 37(a)(4)). As a consequence, Federal Rule of Civil Procedure 37 contains provisions that "allow, and often require" the Court

to award attorney fees for discovery misconduct. *Id.* at 678. Rule 37(a)(5) applies to the award of expenses where a protective order is sought. Fed. R. Civ. P. 26(c)(3). Under Rule 37(a)(5)(A), the Court must award expenses against the nonmovant or its attorney if such a motion is granted unless the nonmovant's position was substantially justified or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A). If the motion is denied the Court instead must award expenses against the movant. Fed. R. Civ. P. 37(a)(5)(B). If a motion to compel or for protective order is granted in part and denied in part, the Court may apportion the parties' reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). Thus, "[t]he great operative principle of Rule 37(a)(5) is that the loser pays," *In re Lamey*, 2015 WL 6666244 at *4 (D.N.M. 2015) (quoting Wright, Miller & Marcus, Federal Practice and Procedure (3d ed. 2010), § 2288, n.17), unless the losing position was substantially justified or an award of expenses would otherwise be unjust. *Id.* at *5.

### III.   ANALYSIS

Having considered the briefing and applicable law, the Court denies EDi's Motion and invites ESGG to move for the attorneys' fees incurred in defending it.

**A) EDi's Motion could be summarily denied.**

Federal Rule 26(c) and Local Rule 7.1(a) require good faith attempts to seek concurrence on a motion, and motions that omit recitation of such good faith attempts may be summarily denied. Here, EDi's Motion does not state its attempts to seek ESGG's concurrence. Moreover, EDi's Motion could have been prevented. It is aimed at preventing discovery of nonparty information from a party. As ESGG argues, had EDi raised its concerns before filing the present Motion ESGG could have issued appropriate subpoenas, negating the premise of EDi's Motion. Thus, EDi's Motion could be summarily denied. However, because it is fully briefed, it will be denied on the merits.

5

**B) EDi has not shown good cause for issuance of a protective order.**

The rules permit post-judgment discovery. *See* Fed. R. Civ. P. 69(a)(2). The scope of discovery is broad and proportional to the needs of a given case. Fed. R. Civ. P. 26(b). Good cause must be shown for issuance of a protective order. Fed. R. Civ. P. 26(c). Here, ESGG has obtained a $2.1M judgment against EDi, and ESGG's discovery is seeking to clarify EDi's financial affairs, "including the interrelationships between the two individuals who controlled EDi and themselves, and Kasey Properties, another entity they control and into which EDi transferred real property during the events that are the subject of this litigation." [Doc. 238, pp. 1-2]. The discovery ESGG seeks is relevant, not privileged, and proportional to the amount at issue, given the judgment it obtained. EDi has not shown good cause to prevent ESGG from obtaining the information it seeks. The discovery sought by ESGG is permissible because it is directed at the recovery of a lawfully obtained judgment and the potential concealment of EDi's assets. The Court will not issue a protective order.

**C) The Court will award attorney fees to ESGG.**

Fees associated with motions addressing protective orders are generally governed by Rule 37(a)(5), *see* Fed. R. Civ. P. 26(c)(3), with the losing party typically paying the winner's fees unless the losing position was substantially justified. *Id.* EDi failed to confer with ESGG as required by Federal Rule 26(c) and Local Rule 7.1(a) and has not shown good cause for the issuance of a protective order. Therefore, ESGG's request for its attorney fees and costs associated with defending the instant motion is granted.[2]

---

[2] Having determined that fees should be awarded, the burden shifts to the ESGG to now "prove and establish the reasonableness of each dollar, each hour, above zero." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (citation omitted); *see Diaz v. Metzgar*, 2014 WL 12782782 at *7 (D.N.M. 2014) ("The fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.") (quoting *Mares v. Credit Bureau*

*of Raton*, 801 F. 2d 1197, 1201 (10th Cir. 1986)). The Court will then reach a "lodestar figure," which is the product of reasonable hours expended times a reasonable hourly rate. *See Mares*, 801 F. 2d at 1201. "The setting of a reasonable hourly rate is within the district court's discretion…. [and] [h]ourly rates must reflect the prevailing market rates in the relevant community." *Jane L.*, 61 F.3d at 1510 (citation omitted).

An applicant lawyer must keep "meticulous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks." *Id.* (citation omitted); *Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, 1252 (10th Cir. 1998) ("Counsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks."). This concept is particularly apt "where a party is seeking to have his opponent pay for his own lawyer's work." *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 (10th Cir. 1998). As such, a lawyer's billing statement should "include the specific amounts of time allocated to each individual task." *Id.* "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Jane L.*, 61 F.3d at 1510 (citation omitted); *see Case*, 157 F.3d at 1252 (declining to award fees where the party failed to establish that an attorney's work was reasonably necessary to their case and because her billing statements were "not clear.").

"A general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Mares*, 801 F. 2d at 1203 (citations omitted); *Case*, 157 F.3d at 1252. As examples, the *Mares* court pointed to cases in which the Supreme Court reduced hours to account for a lawyer's lack of experience, for a failure to keep contemporaneous time records, and for unreasonable, unproductive or excessive time. *Mares*, 801 F. 2d at 1203 (citations omitted).

Additionally, once the Court has adequate time records before it, it must then ensure that the winning attorneys have exercised "billing judgment," which "consists of winnowing the hours actually expended down to the hours reasonably expended." *Case*, 157 F.3d at 1250. As the Supreme Court has stated, "[h]ours that are not properly billed to one's *client* also are not properly billed to one's *adversary*[.]" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (quoted authority omitted) (emphasis in original); *see also Mares*, 801 F. 2d at 1204 (fee awards "were not designed as a form of economic relief to improve the financial lot of attorneys, nor were they intended to replicate exactly the fee an attorney could earn through a private fee arrangement with his client.") (quoted authority omitted). Thus, it is not proper to bill for every hour logged where adjustments may be made for lack of experience or conducting general research. *See Mares*, 801 F. 2d at 1204 (citations omitted). A "district court may also reduce the reasonable hours awarded if 'the number of compensable hours claimed by counsel includes hours that were unnecessary, irrelevant and duplicative.'" *Case*, 157 F.3d at 1250 (quoting *Carter v. Sedgwick County, Kan.*, 36 F.3d 952, 956 (10th Cir. 1994)).

7

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Court denies EDi the protective order it seeks. ESGG's request for its fees and costs is granted. ESGG is invited to file a motion itemizing its fees and costs. Such a motion must be filed within 30 days of the entry of this Order.

Wherefore, EDi's Motion for Protective Order [Doc. 236], is hereby **denied**.

SO ORDERED.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE