IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ENVIRONMENTAL DIMENSIONS, INC.,
a New Mexico corporation,

       Plaintiff,

v.                                                                          1:16-cv-01056-KWR-JHR

ENERGYSOLUTIONS GOVERNMENT
GROUP, INC., (n/k/a Atkins Energy
Government Group, Inc.), a foreign
for-profit corporation,

       Defendant.

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant EnergySolutions Government Group, Inc.'s ("ESGG's") Motion for Attorneys' Fees Associated with Defending Against EDi's Motion for Protective Order [Doc. 241], filed pursuant to this Court's Memorandum Opinion and Order denying Plaintiff Environmental Dimensions, Inc.'s ("EDi's") Motion for Protective Order. [Docs. 236, 240]. EDi untimely responded and ESGG replied. [Docs. 242, 243]. Having considered the arguments raised, the Court **grants** ESGG's Motion **in part** and orders EDi and its counsel to pay **$4,379.00** in attorneys' fees and costs to ESGG.

### I. INTRODUCTION

This motion primarily turns on what qualifies as "reasonable" attorneys' fees. EDi argues that ESGG's requested fees are unreasonable because, in EDi's view, ESGG seeks fees at too high a rate; the time spent by counsel was excessive; ESGG's billing represents duplicative and non-billable work; and ESGG may even be misrepresenting the extent of its work to the Court. ESGG argues that none of what EDi alleges is true and that all its requested fees are reasonable. The Court must determine who is correct.

1

By and large, the Court finds that ESGG's position is correct. ESGG requests fees at the rate this Court already set as reasonable. ESGG's billed time mostly shows its counsel spent reasonable amounts of time on tasks reasonably necessary to represent their client. And, finally, nothing in the record suggests that ESGG is misrepresenting how long its attorneys spent addressing EDi's motion for a protective order. With the exception of 0.1 hours excluded from ESGG's requested fees, the Court finds for ESGG.

## II.  **PROCEDURAL HISTORY**

ESGG's Motion arises from its efforts to enforce the judgment it obtained against EDi in the contract litigation at the heart of this case. In August 2021, pursuant to Fed. R. Civ. P. 69, ESGG served post-judgment discovery on EDi to learn about EDi's financial information, creditors, and relationships during the time relevant to ESGG's contract claim. [Doc. 236-1]. In September 2021, EDi moved to protect its principals from post-judgment discovery on the grounds that: ESGG's requests were inappropriate because EDi is a separate legal entity from its principals [Doc. 236, p. 3]; EDi's principals "should not be required to answer because the requests are not reasonably calculated to lead to assets that can be levied upon pursuant to a writ of execution in this case" [Doc. 236, p. 5]; and EDi had already produced everything sought in pretrial discovery and any separate claims against EDi's principals were barred. [Doc. 236, p. 4]. ESGG timely responded in opposition the same month. [Doc. 238]. In January 2022, this Court ruled in ESGG's favor and denied the protective order. [Doc. 240, p. 8]. Pursuant to Fed. R. Civ. P. 37(a)(5)(B), this Court also found that EDi's position was not substantially justified and invited ESGG to move for EDi to pay reasonable costs and attorney's fees associated with ESGG's opposition to the motion. [Doc. 240, p. 6].

ESGG thus filed the present Motion on February 22, 2022, requesting $4,401.00 in attorney's fees. [Doc. 241]. The company attached an affidavit by one of its attorneys, James L. Barnett, stating that he and a junior attorney, Elizabeth A. Rudolf, spent 17.7 hours working on ESGG's response. [Doc. 241-1, *Affidavit of James L. Barnett in Support of Attorneys' Fees and Costs*] ("*Affidavit*"). In addition to a general description of the work performed, the affidavit also lists fourteen entries representing instances when Barnett and Rudolf worked on ESGG's response. *Id.* at 4. Each entry states when the work was performed, who performed it, how much time was spent in that instance, the amount billed for that work, and a short narrative description of the work performed. *Id.* at 4. EDi filed a response in opposition on March 9, 2022, one day after its fourteen-day deadline to respond passed. [*See* Doc. 242]; *see also* D.N.M.LR-Civ. 7.4(a). ESGG timely replied later that month [Doc. 243], completing briefing. [Doc. 244].

### III.   PARTIES' ARGUMENTS

#### a.   Timeliness and Consent

The Court addresses timeliness first because it is a threshold issue. ESGG argues in its reply that EDi consented to ESGG's motion for attorney's fees by filing its response one day late. [Doc. 243, p. 1–2]; [*see* Doc. 242]. EDi does not explain why it missed the deadline to respond. [*See generally* Doc. 242]. Presumably, though, EDi disagrees with ESGG or it would not have filed a response in opposition to ESGG's Motion.

#### b.   Hourly Fee Rates

EDi asserts that, if the Court awards attorneys' fees to ESGG, the award should be based on the prevailing rates for this jurisdiction as previously set by this Court. [Doc. 242, p. 1–2]; [*see also* Doc. 102, p. 7] (setting prevailing rates for Barnett and Rudolf's attorney time). The

argument suggests that ESGG's Motion seeks compensation for billing greater than the prevailing rates. ESGG agrees that it should be compensated based on prevailing rates and points out that Barnett's affidavit calculates hourly billing based on the rates set by this Court. [Doc. 243, p. 2]; *Affidavit* at 4.

    c. <u>Duplicative and Excessive Hours</u>

EDi contests ESGG's alleged hours on an almost line-by-line basis. Its arguments for reducing ESGG's compensable attorney hours fall into four categories: (1) billing for duplicative work; (2) excessive or duplicative time spent on "coordination"; (3) non-specific and improper billing; and (4) deception by ESGG's attorneys.

*Duplicative Work:* EDi argues that several tasks listed on Barnett's affidavit represent duplicative work. The corporation first insists that Barnett and Rudolf should not have each reviewed and evaluated their response "a total of [three] times," but instead, only one of them should have reviewed the document exactly once. [Doc. 242, p. 2] (bracketed text added). In EDi's view, more review after that was duplicative work. Second, EDi argues that all of Rudolf's hours spent drafting and researching after September 10 were duplicative. [Doc. 242, p. 2]. This is because Rudolf billed 1.9 hours on September 10 to "[d]raft opposition to motion for protective order," and EDi reads this entry to mean that Rudolf finished all her drafting and research in less than two hours. Additional billing for evaluating cases, reviewing depositions, or drafting the document are thus also duplicative work according to EDi. [Doc. 242, p. 2].

ESGG argues that none of its billed hours are duplicative. Assigning both a supervisory attorney and a junior attorney to complete a task is common, says ESGG, and it is natural that both attorneys must review and evaluate the document on which they work. [Doc. 243, p. 2]. Time billed for reviewing and evaluating thus was not duplicative nor excessive. Nor, in

4

ESGG's view, was Rudolf's time spent drafting and researching after September 10 duplicative. ESGG defends that it is standard practice for lawyers to draft and research over several days and that, even after initial drafting is done, additional research is typically necessary to corral legal and factual support. [Doc. 243, p. 3].

*Billing for Coordination:*  EDi next attacks Barnett's and Rudolf's billing for evaluating strategy and coordinating on the response. [Doc. 242, p. 3]. EDi claims that Barnett's 0.8 hours spent evaluating ESGG's strategy on its response to EDi's motion for protective order shows "no coordination between [Barnett and Rudolf]" and that "they are trying to recoup their costs of their own failure to coordinate." [Doc. 242, p. 3]. That time should be struck, says EDi, as duplicative work. [Doc. 242, p. 3]. EDi also contends that 0.3 hours spent on coordination "regarding opposition to the motion for protective order" on September 17 should be struck because "[c]oordination between two very highly paid attorneys should have taken place at the outset[.]" [Doc. 242, p. 3] (bracketed text added). EDi thus seems to argue that any time spent on strategizing or coordinating is automatically duplicative, excessive, or otherwise not billable. In response, ESGG states that "[b]rief drafting is an iterative process, and as such, strategy and coordination occur throughout[.]" [Doc. 243, p. 3] (bracketed text added).

*Non-Specific and Improper Billing:*  EDi also asserts that some billing entries are not compensable as attorney hours or not written specifically enough to be compensated. EDi challenges Barnett's September 16 entry for "work on opposition motion for protective order" as too general because it does not say what kind of work Barnett performed. [*See* Doc. 242, p. 3]. EDi similarly claims that Rudolf's September 20 entry for preparing exhibits, finalizing the document, and filing the response is impermissible "block billing." [Doc. 242, p. 3]. EDi also contends the September 20 hours are non-compensable because "preparation of exhibits [is]

5

normally completed by a legal assistant or paralegal" at lower cost. [Doc. 242, p. 3] (bracketed text added).

ESGG does not address the argument that its attorneys' time entries were not specific enough but disputes EDi's argument that preparation of exhibits is never billable attorney time. The company points out that "an attorney must identify exhibits, coordinate their preparation, and review for accuracy[.]" [Doc. 243, p. 3] (bracketed text added). ESGG acknowledges that work by legal assistants is not billable to EDi, but states that Barnett's affidavit reflects only time properly spent by lawyers on the kinds of tasks ESGG identified and that the hours are thus compensable. [Doc. 243, p. 3].

*Deception:*  Finally, EDi appears to accuse ESGG and affiant Barnett of trying to deceive the Court.  Rudolf filed ESGG's response on September 20 [*see* Doc. 238], yet Barnett claims he spent 1.2 hours reviewing and revising the response that day. *Affidavit* at 4.  Presumably because Rudolf's entry appears first on the affidavit, EDi claims that ESGG is alleging Barnett somehow continued working on the response after it was filed. [Doc. 242, p. 3–4].  Because such work would be impossible, or at least not billable, EDi argues that Barnett's 1.2 hours on September 20 are not compensable and that the entry calls the entire affidavit into question. [Doc. 242, p. 4].  ESGG defends Barnett's billing from September 20 by pointing out that "Barnett could have worked on the opposition on the same day in the hours before it was filed." [Doc. 243, p. 4].

IV.   **ISSUES PRESENTED**

(a) Should Plaintiff's untimely response be deemed consent to pay Defendant's attorneys' fees?

(b) Should the hourly rate requested by Defendant for its attorneys be reduced?

(c) What amount in attorneys' fees should Defendant recover from Plaintiff?

## V. ANALYSIS

### a. Timeliness and Consent

#### i. *Relevant Law*

Failure to timely respond to a motion for attorney's fees is consent to the motion and waives all defenses to it. D.N.M.LR-Civ. 7.1(b). Waiver gives this Court discretion to disregard EDi's response. *See Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (holding that the district court did not abuse its discretion by rejecting an untimely motion for attorneys' fees when the movant did not show excusable neglect). But the same discretion that lets this Court disregard EDi's response also allows it to consider the response in the interest of fairness. *See Clyne v. Walters*, No. 08-cv-01646, 2009 WL 189956 at *2 (D. Colo. Jan. 27, 2009) (J. Krieger) (unpublished) (exercising discretion to consider an untimely response).

#### ii. *Application*

The Court exercises its discretion to consider EDi's response. EDi's response was only one day late. As a rule of thumb, the closer to the deadline a late filing is submitted, the less likely that its tardiness will prejudice the opposing party. Indeed, nothing in ESGG's reply suggests that ESGG was prejudiced. Meanwhile, EDi would be strongly prejudiced if this Court wholly ignored its response. So, in fairness to EDi, the Court considers its response.

### b. Hourly Fee Rates

#### i. *Relevant Law*

When awarding attorney's fees under Rule 37, the Court applies the "lodestar method" to award an amount based on a reasonable hourly rate. *See Gutwein v. Taos Cnty. Det. Ctr.*, No. 15-cv-00672, 2016 WL 9774935 at *1 (D.N.M. Nov. 16, 2016) (M.J. Lynch) (unreported).

What is a "reasonable rate" is within the Court's discretion but must reflect prevailing market rates in the relevant community. *Jane L. v. Bargerter*, 61 F.3d 1505, 1510 (10th Cir. 1995). This Court previously held that the relevant community is New Mexico and the prevailing rates for attorneys of Barnett's and Rudolf's skill and experience are, respectively, $350.00 per hour and $220.00 per hour. [Doc. 102, p. 5–6].

      ii. *Application*

ESGG requests fees at the rates already found reasonable by this Court. *Affidavit* at 2. Barnett stated this in his affidavit and dividing the number of hours billed by the amount charged for any entry in the affidavit proves it. *See id.* at 2, 4. The Court will thus award ESGG attorneys' fees at the same rate it approved before.

The Court does not understand why EDi's counsel, Mr. Daniel R. Dolan II, raised this argument when there is nothing to argue. EDi's counsel misrepresented that ESGG requested a fee rate increase, presumably because Barnett mentioned the amount he and Rudolf normally charge in Utah before stating the rate this Court set. *Id.* at 2. The only way EDi's counsel could have concluded that an increase was requested was if he read the Motion and affidavit carelessly or did not read the affidavit at all. The Court thus admonishes EDi's counsel to read all filings carefully and argue only about issues in dispute.

    c. <u>Duplicative and Excessive Hours</u>

As discussed above, EDi makes four broad categories of arguments for reducing the number of attorney hours for which ESGG should be compensated. Only one holds sway. The Court finds that 0.1 hours of time billed by Rudolf are not compensable as attorney work and thus reduces ESGG's compensation by $22.00. *See below* at 11. All other hours billed are compensable. The Court addresses the arguments in turn.

> i. *Duplicative Work*
>
>> 1. RELEVANT LAW

Under the lodestar method, a party requesting attorneys' fees must prove every hour billed above zero is reasonable and compensable.  *See Jane L.*, 61 F.3d at 1510.  Parties will not be awarded fees for duplicative work.  *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).  Courts have not precisely defined "duplicative work" in this context, but in common usage, "duplicative" means "having the quality of doubling; producing two instead of one."  Oxford English Dictionary (OED) Online, "duplicative, adj. and n." (Sept. 2022) Oxford University Press, https://www.oed.com/view/Entry/58593?redirectedFrom=duplicative& (accessed Dec. 5, 2022).

>> 2. APPLICATION

ESGG has overall carried its burden to show reasonable, compensable hours and none of the allegedly duplicative charges appear actually duplicative.  EDi's arguments imply that ESGG's attorneys should have only performed the bare minimum work necessary to produce a response to EDi's motion.  But that is not the standard—ESGG is entitled to reasonable fees, not the absolute minimum its lawyers could have worked.  *See Jane L.*, 61 F.3d at 1510.

The decision to have two attorneys work on the motion rather than one is facially reasonable.  The hours billed suggest that most work was done by Rudolf, a junior attorney who charged less, while Barnett merely supervised.  Such practices tend to save money without sacrificing quality control when compared to giving the entire assignment to a senior attorney.  Other charges EDi points to are more reasonably construed as separate instances of similar work, such as beginning to write on one day and finishing the next.  The Court thus rejects this category of arguments by EDi.

### ii. *Coordination*

The same principles governing the rules against double-charging for duplicative work apply equally to EDi's arguments about ESGG billing for time its attorneys spent "coordinating." ESGG's argument is apt – brief drafting is an iterative process which requires coordination throughout. Unless an outsized amount of time is spent on "coordination," billing for time spent coordinating does not suggest that the attorneys planned poorly or wasted time. Rather, it suggests they have worked together to prevent wasting time going in different directions or by each performing similar work that could have been done once with better communication. Less than two hours was spent on "coordinating," which was not unreasonable. *Affidavit* at 4. The Court rejects this category of argument.

### iii. *Non-Specific and Improper Billing*

1. RELEVANT LAW

A movant seeking attorneys' fees must provide adequate documentation showing how much time was spent on specific tasks. *Case*, 157 F.3d at 1250. If the movant provides inadequate documentation of tasks and time spent, the Court may reduce the fee award accordingly. *Jane L.*, 61 F.3d at 1510. Attorneys' fees also will not be awarded for "clerical work" which can be more affordably performed by a non-lawyer, and if the movant seeks such fees, the Court may reduce the award accordingly. *See Montoya v. Colvin*, 2015 WL 13651170 at *2 (D.N.M. Dec. 16, 2015) (M.J. Vidmar) (unpublished).

2. APPLICATION

EDi's argument mostly fails. ESGG's attorney time entries in Barnett's affidavit are just as specific as the ones it has previously submitted and for which ESGG has recovered fees.[1] EDi

---

[1] See Doc. 79-1, *Affidavit of Robert J. Sutphin in Support of Attorneys' Fees and Costs* (motion granted in part by Doc. 102); Doc. 128-1, *Affidavit of James L. Barnett in Support of Attorneys' Fees and Costs* (motion granted by

10

has not shown that this Court was incorrect to grant those motions nor that the present Motion should be treated differently. The Court will thus award fees now as it has in the past.

But EDi's argument that some of ESGG's billed time does not qualify for compensation as attorney time is slightly more persuasive. Electronic filing is clerical work which cannot be compensated as attorney time. *See Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) (finding that filing pleadings is clerical work not compensable under the Equal Access to Justice Act). Barnett's affidavit reflects one entry in which Rudolf billed for filing ESGG's opposition, but the task is grouped with other non-clerical tasks. *Affidavit* at 4. Because electronic filing typically takes about six minutes, the Court reduces Rudolf's billed time by 0.1 hours. The Court is not convinced, however, that ESGG should not be compensated for exhibit preparation. As ESGG argues, "exhibit preparation" properly encompasses work which requires an attorney's discretion, such as selecting and reviewing what exhibits will be included with the filing. The Court thus limits its reduction in ESGG's compensation to 0.1 of Rudolf's hours.

    iv. *Deception*

        1. RELEVANT LAW

It is implied by Rule 37's reasonableness requirement that a movant may only recover fees for work performed. *See Case*, 157 F.3d at 1249 (discussing hours "reasonably spent" by counsel). Case law interpreting § 1988 suggests that, once the movant carries her burden, there is a strong presumption that the amount in fees requested is reasonable. *Robinson v. City of Edumund*, 160 F.3d 1275, 1281 (10th Cir. 1998). If the non-movant cannot overcome that presumption, the fees for which the movant met her burden will be awarded.

---

Doc. 140); Doc. 195-1, *Affidavit of James L. Barnett in Support of Attorneys' Fees and Costs for Motion for Sanctions* (motion granted in part by Doc. 221).

2. APPLICATION

As discussed above, ESGG met its burden to show it should be compensated for almost all time billed, so all but 0.1 of their billed hours are presumed correct. It is also believable that ESGG's attorneys made changes to their filing the day it was filed. EDi, on the other hand, provides no evidence that ESGG's attorneys did not perform the work they purported to perform on September 20, 2021. EDi thus does not overcome the presumption. The Court rejects EDi's argument.

## VI. TOTAL COMPENSABLE TIME

Based on the above analysis, the Court finds that ESGG should be awarded fees as follows:

|  | Time Requested | Time Granted | Compensation |
|---|---|---|---|
| Barnett | 3.9 | 3.9 | $ 1,365.00 |
| Rudolf | 13.8 | 13.7 | $ 3,014.00 |
|  |  | TOTAL | **$ 4,379.00** |

## VII. CONCLUSION AND ORDER

Wherefore, **IT IS THEREFORE ORDERED** that Defendant ESGG's Motion for Attorneys' Fees Associated with Defending Against EDi's Motion for Protective Order [Doc. 241] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff EDi and its counsel are ordered to pay Defendant ESGG **$4,379.00** in attorneys' fees and costs within **thirty (30) days** of entry of this order.

_____
Jerry H. Ritter
U.S. Magistrate Judge